```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                       AT CHARLESTON
```

CRYSTAL GOOD, individually and as
parent and next friend of minor children
M.T.S., N.T.K. and A.M.S. and
MELISSA JOHNSON,
individually and as parent of her unborn child,
MARY LACY and JOAN GREEN and JAMILA AISHA OLIVER,
WENDY RENEE RUIZ and KIMBERLY OGIER and ROY J. McNEAL and
GEORGIA HAMRA and MADDIE FIELDS and BRENDA BAISDEN, d/b/a
FRIENDLY FACES DAYCARE, and ALADDIN RESTAURANT, INC., and
R. G. GUNNOE FARMS LLC, and DUNBAR PLAZA, INC.,
d/b/a DUNBAR PLAZA HOTEL,
on behalf of themselves and all others
similarly situated,

    Plaintiffs,

v.                  Civil Action No.: 2:14-01374

AMERICAN WATER WORKS COMPANY, INC., and
AMERICAN WATER WORKS SERVICE COMPANY, INC., and
EASTMAN CHEMICAL COMPANY and
WEST VIRGINIA-AMERICAN WATER COMPANY,
d/b/a WEST VIRGINIA AMERICAN WATER, and
GARY SOUTHERN and DENNIS P. FARRELL and
CENTRAL WEST VIRGINIA REGIONAL AIRPORT AUTHORITY, INC., and
TRIAD ENGINEERING, INC. and CAST & BAKER CORPORATION,

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending are the motions by defendants American Water Works Company, Inc., American Water Works Service Company, Inc., and West Virginia American Water Company (collectively "WVAWC") seeking deferral of the Federal Rule of Civil Procedure 26(f)

conference and any subsequent discovery until such time as the discovery planning process can be completed efficiently and effectively ("motion to defer"), filed June 18, 2014, and WVAWC's motion to strike the Rule 26(f) report of planning meeting ("motion to strike"), filed July 8, 2014.

I.

On June 3, 2014, the court entered a memorandum opinion and order consolidating the Crystal Good, Lori Good, Johnson, and Fields cases. Counsel for the plaintiffs were directed to consult and file no later than June 20, 2014, a consolidated class action complaint, to which the defendants were directed to respond on or before July 20, 2014.

In compliance with the memorandum opinion and order, the consolidated class action complaint was filed June 20, 2014. The consolidated class action complaint named a number of newly added defendants, namely, Mr. Farrell, the Central West Virginia Regional Airport Authority, Inc. ("Regional Airport Authority"), Triad Engineering, Inc. ("Triad"), and Cast & Baker Corporation ("Cast & Baker"). Other defendants were eliminated from the case, namely, Mountaineer Funding, LLC, WV Funding, LLC, Chemstream, Inc., and J. Clifford Forrest.

2

The following defendants have now answered or otherwise responded to the consolidated class action complaint on the dates indicated below:

| | |
|---|---|
| American Water Works Company, Inc. | July 20, 2014 |
| American Water Works Service Company, Inc. | July 20, 2014 |
| Eastman Chemical Company | July 21, 2014 |
| West Virginia-American Water Company | July 20, 2014 |
| Gary Southern | July 18, 2014 |
| Dennis P. Farrell | July 30, 2014 |
| Central West Virginia Regional Airport Auth., Inc. | Not filed |
| Triad Engineering, Inc., | Not filed |
| Cast & Baker Corporation | Not filed |

In view of the necessity of perfecting service on the newly added defendants, their time to answer or otherwise respond to the consolidated class action complaint exceeded the July 20, 2014, deadline set by the court in its June 20, 2014, memorandum opinion and order.  Consequently, on July 15, 2014, the court extended until August 19, 2014, the time within which the Regional Airport Authority, Triad, and Cast & Baker could respond to the consolidated class action complaint.[1]

On June 6, 2014, interim class counsel for the

---

[1] On July 21, 2014, defendant Dennis P. Farrell moved for an extension of time to answer.  The court ORDERS that the motion be, and hereby is, granted.  As noted, Mr. Farrell answered yesterday and that answer is deemed timely.

3

plaintiffs wrote to counsel for then-defendants Mountaineer Funding, LLC, WV Funding, LLC, Chemstream, Inc., J. Clifford Forrest, and current defendants WVAWC and Eastman Chemical Company.  The letter provided, <u>inter</u> <u>alia</u>, as follows:

> All plaintiffs' counsel in these consolidated cases have conferred and we all agree to make ourselves available for a Rule 26(f) planning meeting at any time of the defendants' choosing between now and 6:00 pm on June 23, 2014.
>
> Unless the defendants select a different time and you notify us promptly of that selection, we will hold the Rule 26(f) planning meeting on June 19, 2014 at 10:00 am. You will be provided with call-in instructions ahead of time. If you fail to appear at the planning meeting, we will submit a report of the parties' planning meeting with our proposals for discovery and timing.  We will note that you failed to appear or to select a different time or otherwise comply with the deadlines and requirements established by the Federal Rules, and we will begin to conduct discovery on that date.

(Ex. 1, Mot. to Defer at 2).

On June 24, 2014, the plaintiffs filed their unilateral Rule 26(f) report.  They noted that WVAWC and Eastman did not participate in the discussions leading to the report but that discussions were had relating to the case with former defendants WV Funding, LLC, Mountaineer Funding, LLC, J. Clifford Forrest, and Chemstream, Inc.  The former defendants "did not wish to develop a full Rule 26(f) report" at that time. (Rule 26(f) Rep. at 2).

4

On June 18, 2014, WVAWC filed the motion to defer.  On July 8, 2014, WVAWC additionally moved to strike the aforementioned Rule 26(f) report.  On July 29, 2014, the court received the final reply brief.  The matter is now ripe for a decision.

### III.

Federal Rule of Civil Procedure 16(b) provides pertinently as follows:

> (1) Scheduling Order. Except in categories of actions exempted by local rule, the district judge . . . must issue a scheduling order:
>
>    (A) after receiving the parties' report under Rule 26(f); or
>
>    (B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference or by telephone, mail, or other means.
>
> (2) Time to Issue. The judge must issue the scheduling order as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared.

Fed. R. Civ. P. 16(b).  The report contemplated by Rule 16(b)(1) is a joint report by the parties.  None has been filed.  Additionally, July 20, 2014, was the first appearance by a defendant following the consolidated class action complaint.

The purpose of Rule 16(b) is "to encourage careful

pretrial management . . . ." Charles A. Wright et al., Federal Practice and Procedure § 1522.1 (3d ed. 2014). That goal is best facilitated in this complex, multi-defendant class action litigation by first allowing the appearance of all served defendants prior to convening the meeting contemplated by Rule 26(f).

The court appreciates the plaintiffs' desire to move forward with the discovery process. Little is gained, however, by attempting to structure that process piecemeal when all parties with a stake in the matter are not present and permitted an opportunity to be heard.

It is, accordingly, ORDERED that the motion to defer be, and hereby is, granted. Additionally, while plaintiffs' unilateral Rule 26(f) filing is arguably a fugitive document, and is thus not accorded Rule 26(f) status, it may aid the parties' impending discussions respecting case management. It is thus ORDERED that the motion to strike be, and hereby is, denied. Taking into consideration the deadline by which all defendants must appear, it is further ORDERED that the following dates are hereby fixed as the time by or on which certain events must occur:

Motions under F.R. Civ. P. 12(b), together with

6

| | |
|---|---|
| 08/19/2014 | supporting briefs, memoranda, affidavits, or other such matter in support thereof. (All motions unsupported by memoranda will be denied without prejudice pursuant to L.R. Civ. P. 7.1 (a)). |
| 08/29/2014 | Last day for Rule 26(f) meeting. |
| 09/03/2014 | Last day to file Report of Parties' Planning Meeting.  <u>See</u> L.R. Civ. P. 16.1. |
| 09/05/2014 | Scheduling conference at 9:30 a.m. at the Robert C. Byrd United States Courthouse in Charleston, before the undersigned, unless canceled.  Lead counsel directed to appear. |
| 09/12/2014 | Entry of scheduling order. |
| 09/19/2014 | Last day to serve F.R. Civ. P 26(a)(1) disclosures. |

The court has additionally considered the suitability of staying further action in this case pending the disposition of any Rule 12(b)(6) motions filed in this case or the matter of remand in <u>Desimone Hospitality Services v. West Virginia American Water Company</u>, 2:14-14845.  A stay is deemed inappropriate at this time.

7

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and to the following individuals designated as liaison counsel in the consolidated action styled <u>Desimone Hospitality Services, LLC v. West Virginia American Water Co.</u>, 2:14-14845 (S.D. W. Va.).

    Anthony J. Majestro    Scott E. Schuster
    Guy Bucci    William F. Dobbs, Jr.
    Benjamin L. Bailey

DATED: July 31, 2014

John T. Copenhaver, Jr.
United States District Judge