UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

CRYSTAL GOOD, individually and as
parent and next friend of minor children
M.T.S., N.T.K. and A.M.S. and
MELISSA JOHNSON,
individually and as parent of her unborn child,
MARY LACY and JOAN GREEN and JAMILA AISHA OLIVER,
WENDY RENEE RUIZ and KIMBERLY OGIER and ROY J. McNEAL and
GEORGIA HAMRA and MADDIE FIELDS and BRENDA BAISDEN, d/b/a
FRIENDLY FACES DAYCARE, and ALADDIN RESTAURANT, INC., and
R. G. GUNNOE FARMS LLC, and DUNBAR PLAZA, INC.,
d/b/a DUNBAR PLAZA HOTEL,
on behalf of themselves and all others
similarly situated,

            Plaintiffs,


v.                                    Civil Action No.: 2:14-01374


AMERICAN WATER WORKS COMPANY, INC., and
AMERICAN WATER WORKS SERVICE COMPANY, INC., and
EASTMAN CHEMICAL COMPANY and
WEST VIRGINIA-AMERICAN WATER COMPANY,
d/b/a WEST VIRGINIA AMERICAN WATER, and
GARY SOUTHERN and DENNIS P. FARRELL and
CENTRAL WEST VIRGINIA REGIONAL AIRPORT AUTHORITY, INC., and
TRIAD ENGINEERING, INC. and CAST & BAKER CORPORATION,

            Defendants.



MEMORANDUM OPINION AND ORDER


        Pending is the defendants' motion for a Rule 502(d)

order, filed September 12, 2014.

I.

The parties met and conferred in an effort to craft an agreement respecting the handling of attorney-client and work product information inadvertently disclosed.  They appear to concur on all points except one.  The disagreement appears well summarized in the defendants' supporting memorandum of law:

> Defendants propose that the Rule 502(d) order entered in this case encourage the incorporation and employment of time-saving computer-assisted privilege review, while Plaintiffs propose that the order limit privilege review to what a computer can accomplish, disallowing linear (aka "eyes on") privilege review altogether. So as to dodge giving "something for nothing," Plaintiffs will agree only to a pure quick peek/claw-back arrangement, which would place never-reviewed, never privilege-logged documents in their hands as quickly as physically possible at the expense of any opportunity for care on the part of a producing party to protect a client's privileged and work product protected information.
>
> Defendants do not wish to forego completely the option to manually review documents for privilege and work product protection, and there is nothing in Rule 502(d) that requires such a commitment. Defendants have every incentive and need to use both search methodologies and computer-assisted review to quickly and efficiently identify candidates for those protections, and will do so in good faith as appropriate, after which attorney review and privilege logging can proceed in an organized and efficient way and -- under a Rule 502(d) order -- without the pins-and-needles anxiety of overlooking some nuance or making some mistake out of pure fatigue . . . in other words, without the requirement of the exercise of some particular quantum of care.

(Defs.' Memo. in Supp. at 1-2 (footnotes omitted)(emphasis in original)).

II.

In 2008, Congress adopted Federal Rule of Evidence 502.  Rule 502 was designed to address concerns about broad waiver doctrines that were proliferating in decisional law.  See Charles A. Wright et al., Federal Practice and Procedure § 2016.2 (3d ed. 2014) ("This . . . [Rule] was prompted by the concern that aggressive use of waiver . . . caused considerable costs and considerable anxiety among many litigants, concerns that have increased with the advent of frequent discovery of electronically stored information [("ESI")].").

Even prior to the adoption of Rule 502, the civil litigation process, especially in the most complex of cases, was trending toward "'quick peek' or 'clawback' agreements [that] might . . . enable[e] the party seeking discovery earlier access to discovery material via the 'quick peek' and/or enabling the party producing the information to 'clawback' privileged materials mistakenly produced without risk of being found to have waived."  Id.

The two provisions of Rule 502 that the parties discuss in their respective briefing are subdivisions (b) and (d), which appear below:

(b) Inadvertent Disclosure. When made in a federal proceeding or to a federal office or agency, the

3

disclosure does not operate as a waiver in a federal
or state proceeding if:

> (1) the disclosure is inadvertent;

> (2) the holder of the privilege or protection took
> reasonable steps to prevent disclosure; and

> (3) the holder promptly took reasonable steps to
> rectify the error, including (if applicable)
> following Federal Rule of Civil Procedure
> 26(b)(5)(B).

> . . .

(d) Controlling Effect of a Court Order. A federal
court may order that the privilege or protection is
not waived by disclosure connected with the litigation
pending before the court -- in which event the
disclosure is also not a waiver in any other federal
or state proceeding.

Fed. R. Evid. 502(b) and (d).

The defendants have chosen a course that would allow

them the opportunity to conduct some level of human due

diligence prior to disclosing vast amounts of information, some

portion of which might be privileged.  They also appear to

desire a more predictable clawback approach without facing the

uncertainty inherent in the Rule 502(b) factoring analysis.

Nothing in Rule 502 prohibits that course. And the parties need

not agree in order for that approach to be adopted:

> A claw-back agreement, often in the form of a
> Stipulated Protective Order (and sometimes referred to
> as a "Rule 502(d) Order"), allows the producing party
> to avoid the uncertainties of Rule 502(b)'s
> reasonableness requirement by stipulating that any
> unintended production of privileged materials will be
> deemed "inadvertent" and returned to the producing

4

party.  That is, parties to a claw-back agreement
expressly agree that any inadvertent production will
be excused, and no waiver of privilege will be deemed
to have occurred.  A claw-back order may be issued at
the request of both parties, at the request of one
party even when the other party opposes, or, in some
cases, on the court's own initiative.

Timothy P. Harkness & Elizabeth M. Zito, <u>eDiscovery for</u>

<u>Corporate Counsel</u> § 15:8 (2013) (footnotes omitted).

        The plaintiffs appear to recognize as much but believe

it is essential to the efficient progress of the case that they

receive ESI materials expeditiously under Rule 502(b) with its

clawback provision affording protection to defendants from

misuse of potentially privileged information and communication.

They note as follows:

        Plaintiffs are willing to agree to an order that
    provides that the privilege or protection will not be
    waived and that no other harm will come to the
    Defendants if Plaintiffs are permitted to see
    privileged or work product protected documents. Under
    those circumstances, however, Plaintiffs can see no
    practical reason for Defendants to engage in any kind
    of manual privilege review prior to production of
    documents other than to delay the production of
    documents.

        In fact, Plaintiffs can see no very good reason
    for any kind of privilege review at all prior to
    production, but are willing to agree to computer-
    assisted searches and other machine-based
    privilege reviews as a compromise because those are
    unlikely to result in any significant delays.

        If the Defendants are worried about the sanctity
    of privileged and work product documents, rather than
    the practical effect of their momentary disclosure,
    then they are going to take reasonable steps to
    protect the sanctity of those documents anyway, and

therefore they do not need any greater clawback
protection than that provided by F.R.E. 502(b).

(Pls.' Resp. at 1).

Inasmuch as defendants' cautious approach is not
prohibited by the text of Rule 502, and they appear ready to
move expeditiously in producing documents in the case, their
desired approach is a reasonable one.  (See Defs.' Reply at 2
("Defendants have every reason to implement efficient review
techniques and avoid the high costs of manual privilege review
for all but the most sensitive document categories")).

The court, accordingly, will today enter their
proposed Rule 502(d) order.  The court does so with the
expectation that the defendants will marshal the resources
necessary to assure that the delay occasioned by manual review
of portions of designated categories will uniformly be minimized
so that disclosure of the entirety of even the most sensitive
categories is accomplished quickly.  In the event that, even
with the defendant's best efforts, it becomes apparent that
undue delay is thwarting the progress of the case to the point
that timely compliance with the schedule fixed by the court's
orders of September 5 and October 27, 2014, is threatened,
plaintiffs should file a motion requesting that the approach
sought by plaintiffs be adopted for the remainder of discovery
and such a motion will be heard on a priority basis.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and to the following individuals designated as liaison counsel in the consolidated action styled <u>Desimone Hospitality Services, LLC v. West Virginia American Water Co.</u>, 2:14-14845 (S.D. W. Va.).

|  |  |
|---|---|
| Anthony J. Majestro | Scott E. Schuster |
| Guy Bucci | William F. Dobbs, Jr. |
| Benjamin L. Bailey |  |

DATED:  October 29, 2014

John T. Copenhaver, Jr.
United States District Judge

7