```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                    AT CHARLESTON
```

CRYSTAL GOOD, individually and as
parent and next friend of minor children
M.T.S., N.T.K. and A.M.S. and
MELISSA JOHNSON,
individually and as parent of her unborn child,
MARY LACY and JOAN GREEN and JAMILA AISHA OLIVER,
WENDY RENEE RUIZ and KIMBERLY OGIER and ROY J. McNEAL and
GEORGIA HAMRA and MADDIE FIELDS and BRENDA BAISDEN, d/b/a
FRIENDLY FACES DAYCARE, and ALADDIN RESTAURANT, INC., and
R. G. GUNNOE FARMS LLC, and DUNBAR PLAZA, INC.,
d/b/a DUNBAR PLAZA HOTEL,
on behalf of themselves and all others
similarly situated,

    Plaintiffs,

v.                                          Civil Action No.: 2:14-01374

AMERICAN WATER WORKS COMPANY, INC., and
AMERICAN WATER WORKS SERVICE COMPANY, INC., and
EASTMAN CHEMICAL COMPANY and
WEST VIRGINIA-AMERICAN WATER COMPANY,
d/b/a WEST VIRGINIA AMERICAN WATER, and
GARY SOUTHERN and DENNIS P. FARRELL,

    Defendants.


### MEMORANDUM OPINION AND ORDER

The court is in receipt of a proposed stipulated protective order and sharing agreement ("proposed order") submitted by the parties on January 6, 2015.

The proposed order sets forth multiple categories of information which the producing parties plaintiff may consider to qualify as confidential, including (1) medical records, (2) Social Security records, (3) employment records, (4) tax records, (5) Medicare or Medicaid records, or (6) education records.  These records, when obtained by defendants using any authorization executed by plaintiffs, are referred to in the proposed order as "Confidential Information."  (Prop. Ord. at 2).[1]

Section 2.1 provides as follows respecting the handling of such "Confidential Information" when filed:

> 2.1.1 Litigation documents filed with the Court that refer or quote to "Confidential Information" in a manner that can be linked to any individual Plaintiff, including but not limited to portions of deposition testimony dealing with confidential information defined above, shall be filed in a sealed envelope or other appropriate sealed container which shall be endorsed with the title [of the] action, an indication of the nature of the contents of such sealed envelope or container, and the word "CONFIDENTIAL," and which is not to be opened or the contents thereof to be displayed or revealed, except by further order of the Court.

---

[1] Counsel are referred to Federal Rule of Civil Procedure 5.2(a), which directs certain items within these categories of records to be redacted to the effect that only the following appear in the electronically filed document: (1) the last four digits of the Social Security number and taxpayer-identification number, (2) the year of the individual's birth, (3) any minor's initials, and (4) the last four digits of the financial-account number.  When redactions occur, counsel should consider filing a reference list where appropriate, consistent with Rule 5.2(g).

> 2.1.2 The parties shall not refer in open Court or in any other litigation document to any confidential information that can be linked to any individual Plaintiff except in accordance with this Order or as may be otherwise ordered by the Court. Any reference of such confidential information shall be heard by the Court in camera, under seal and other conditions and safeguards as the Court may impose to protect disclosure.

(Prop. Ord. at 2).

The excerpt immediately above is at variance with both the substantive law and the procedures used in our circuit for seeking and entering a sealing order. Respecting substance, the "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000). The right of public access derives from the common law and the First Amendment. The common law right affords presumptive access to judicial records unless competing interests outweighs that right. Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988).

While the First Amendment right of access applies to a narrower category of documents, it provides much greater protection to the public's right to know than the common law right. Globe Newspaper Co. v. Superior Court, 457 U.S. 596,

3

606-07 (1982); <u>Press-Enterprise Co.</u>, 478 U.S. at 15; <u>Virginia</u>, 386 F.3d at 573; <u>Stone</u>, 855 F.2d at 180.  For example, a First Amendment right of access attaches to exhibits appended to a motion for summary judgment.  See <u>Doe v. Public Citizen</u>, 749 F.3d 246, 267 (4th Cir. 2014) ("We have squarely held that the First Amendment right of access attaches to materials filed in connection with a summary judgment motion.").

Respecting the proper procedure, the parties are referred, by example, to the <u>Administrative Procedures for Electronic Case Filing</u> available on the court's public website.  Section 12 governs the method for submitting documents the movant considers worthy of a sealing order.  The parties are additionally referred to the procedures found, <u>inter alia</u>, in <u>Virginia Dep't of State Police v. Washington Post</u>, 386 F.3d 567, 575 (4th Cir. 2004), Local Rule of Civil Procedure 26.4(b), and the Agreed Protective Order available on the court's public website.

A movant hereafter seeking a sealing order respecting any putatively confidential document should take care to comply with circuit precedent, the Local Rules of Civil Procedure, and the <u>Administrative Procedures for Electronic Case Filing</u>.

In the event that counsel desire to revise and resubmit their proposed order, they are directed to do so on or before January 23, 2015.

The Clerk is directed to forward copies of this written opinion and order to counsel of record and any unrepresented parties.

DATED:  January 14, 2015

John T. Copenhaver, Jr.
United States District Judge