UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CRYSTAL GOOD, individually and as
parent and next friend of minor children
M.T.S., N.T.K. and A.M.S. and
MELISSA JOHNSON,
individually and as parent of her unborn child,
MARY LACY and JOAN GREEN and JAMILA AISHA OLIVER,
WENDY RENEE RUIZ and KIMBERLY OGIER and ROY J. McNEAL and
GEORGIA HAMRA and MADDIE FIELDS and BRENDA BAISDEN, d/b/a
FRIENDLY FACES DAYCARE, and ALADDIN RESTAURANT, INC., and
R. G. GUNNOE FARMS LLC, and DUNBAR PLAZA, INC.,
d/b/a DUNBAR PLAZA HOTEL,
on behalf of themselves and all others
similarly situated,

         Plaintiffs,

v.                                      Civil Action No.: 2:14-01374

AMERICAN WATER WORKS COMPANY, INC., and
AMERICAN WATER WORKS SERVICE COMPANY, INC., and
EASTMAN CHEMICAL COMPANY and
WEST VIRGINIA-AMERICAN WATER COMPANY,
d/b/a WEST VIRGINIA AMERICAN WATER, and
GARY SOUTHERN and DENNIS P. FARRELL and

         Defendants.


MEMORANDUM OPINION AND ORDER


         Pending are plaintiffs' motions to file documents

under seal and to file a surreply, filed May 18, 2015.


         Respecting the motion to seal, plaintiffs seek to

shield from public view certain materials relevant to their

proposed surreply and discussed therein.  They assert as

follows:

> Confidential information contained in the Surreply
> include drawings, documents and location information
> marked "CONFIDENTIAL" by the West Virginia Bureau of
> Public Health (WVBPH).  This information relates to
> the locations, distances and connections of certain
> pipes and water company facilities that could be of
> potential use to any entity intent on doing harm to
> the safety of the area's water supply.

(Memo. in Supp. at 1).

It appears that plaintiffs and counsel for the Bureau of Public Health engaged in discussions in an attempt to arrive at the narrowest possible redactions for the materials submitted.  Plaintiffs assert as follows in the memorandum supporting their sealing motion, which in turn was filed under seal:

> Pursuant to the Revised Protective Order (ECF. Doc
> 261), Plaintiffs submitted the pleadings and exhibits
> at issue to Counsel for the WVAW and AWWSC and Counsel
> for the WVBPH on May 1, 2015 seeking to reach
> agreement as to precisely which information contained
> in the Surreply would be redacted.
>
> After two weeks, agreement was reached as to the
> extent of the redactions required to protect the
> interests of both WVAW/AWWSC and the WVBPH.
>
> Undersigned counsel filed a redacted copy of the
> Motion for Leave to File Surreply on May 18, 201[5].

(Memo. in Supp. of Slg. Mot. at 1-2).

As indicated by our court of appeals' recent precedent, the degree of protection accorded to the public's right of access may depend upon the use, if any, made by the

court of the material for which a sealing order is sought:

> For a right of access to a document to exist under
> either the First Amendment or the common law, the
> document must be a "judicial record."
>
>     . . . .
>
> In Rushford[ v. New Yorker Magazine, 846 F.2d 249, 253
> (4th Cir. 1988),] we held that discovery documents
> filed in connection with a dispositive motion, such as
> a motion for summary judgment, were subject to the
> right of access because "summary judgment adjudicates
> substantive rights." 846 F.2d at 252. In In re Policy
> Management Systems Corp., we refrained from ascribing
> the First Amendment right of access to documents not
> considered by the court but filed with a motion to
> dismiss, reasoning that they "do not play any role in
> the adjudicative process." 67 F.3d 296 (4th Cir. 1995)
> (unpublished table decision).  Taken together,
> Rushford and In re Policy Management Systems Corp.
> hold that documents filed with the court are "judicial
> records" if they play a role in the adjudicative
> process, or adjudicate substantive rights. We adopt
> that definition. In doing so, we are in harmony with
> the decisions of several of our sister circuits.

In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D),

707 F.3d 283, 290 (4th Cir. 2013) (emphasis added).


        Inasmuch as a decision on the motion to dismiss

remains under advisement, the court is unable to ascertain

whether the documents offered for sealing constitute judicial

records to which the right of access will apply.  It is,

accordingly, ORDERED that the motion to seal be, and hereby is,

granted provisionally pending the further order of the court

following a determination of the character of the submitted

documents.

Respecting the motion to file a surreply, plaintiffs assert that the supplementary filing is necessary to present additional facts not contained in a reply brief previously filed by American Water Works Service Company, Inc., and West Virginia American Water ("water company defendants") in support of their motion to dismiss.

It is, accordingly, ORDERED that the motion to file a surreply be, and hereby is, granted, with the proposed redacted surreply filed today.  Inasmuch as the water company defendants desire to be further heard on the substance of the surreply, it is additionally ORDERED as follows:

1.   That the water company defendants be, and hereby are, directed to respond to the surreply on or before May 28, 2015; and

2.   That the status conference in this matter be, and hereby is, rescheduled to June 5, 2015, at 1:30 p.m.

The Clerk is directed to send a copy of this order to counsel of record and any unrepresented parties.

DATED: May 20, 2015

John T. Copenhaver, Jr.
United States District Judge