

the Charleston Gazette

*The State Newspaper*

1001 Virginia St., East
Charleston, W.Va. 25301

Ken Ward Jr.
Staff Writer

**RECEIVED**

JUN 1 1 2015

John T. Copenhaver, Jr.
United States District Judge

(304) 348-1702
Fax: 348-1740
Kward@wvgazette.com

June 11, 2015

The Honorable John T. Copenhaver Jr., Judge
U.S. District Court for the Southern District of W.Va.
Robert C. Byrd Federal Building
P. O. Box 2546
Charleston, WV 25329-2546

Re: Sealing of documents in Good v. American Water Works
2:14-cv-01374

Sent via email and US Mail

Judge Copenhaver:

This letter is in response to the Court's order of June 3, 2015, in the above-referenced case (ECF 377) in which "any person desiring to be heard" concerning the sealing of certain documents in that case was instructed to file written comments on or before June 15, 2015.

The records in question here are of immense public interest, concerning as they do questions about whether a regional water treatment plan serving 300,000 people was constructed in accordance with government permits and best industry standards. The press has a right and a duty to inform the public about the underlying issues in this case, and to serve as a watchdog for the community over how the Court considers and rules on the issues before it.

Specifically, at issue here is an allegation that the plant was required to have a second "intake" which would have been located upstream of the current site of Freedom Industries. Obviously, the events of Jan. 9, 2014, might have turned out differently had that second intake been completed and still functioning. Without access to un-redacted copies of Plaintiffs' Surreply (ECF 363) and related documents and an unredacted copy of Defendant West Virginia American Water's Response, the public cannot "keep a watchful eye on the workings of government agencies" and the press cannot comment upon the "operation of government" *Nixon v. Warner Communications*, 435 U.S. at 597-98.

Further, it is important to note that the public does not even at this point have access to the entire record to date regarding whether the records in question should be sealed. Defendant West Virginia American Water Company's motion to seal (ECF 372) is public, but while some portion of the Plaintiffs' motion to seal (ECF 363) is recounted in the Court's order "provisionally" sealing the documents in question (ECF 364), the Plaintiffs' motion to seal itself remains under seal.

The Court is obviously aware that before sealing materials it is required, under the procedures set out in *In re Charlotte Observer*, 882 F.2d 850, 853 (4th Cir. 1989) to provide public notice and an opportunity for interested persons to object. Unfortunately, the rules and the practice in the local district do not appear to ensure that the public would have access to even redacted copies of motions to seal so that they can fully understand what materials are being considered for sealing and what arguments are being made in favor of sealing, and make a reasoned decision about whether and on what basis to object.

Local rules do, however, make it clear that any motion to seal must be accompanied by "a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals" LR Civ P 26.4(b)(2)(C). In addition, as explained in the Protective Order in this very case (ECF 140), the burden in overcoming the public's right to open courts is on the party seeking to restrict access, and that party must present specific reasons in support of its position. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 15 (1986).

In this instance, all that appears to have been provided to the Court are conclusory statements that the unredacted briefs and attachments should be sealed.

According to the Court's provisional sealing order, the Plaintiffs simply stated that "This information relates to the locations, distances and connections of certain pipes and water company facilities that could be of potential use to any entity intent on doing harm to the safety of the area's water supply." Similarly, West Virginia American simply states that its filing "includes descriptions and depictions of facilities that could be of potential use to any entity intent on doing harm to the safety of the area's water supply."

Neither party appears to have provide any citations to statute, regulations or case law in support of sealing these records. Neither party has provided this Court any "discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access" as interpreted by our courts. Based on newspaper coverage to date on this case, and interactions with reporters covering the issues which these records concern, both sides had ample knowledge of the public and

media interest involved, and neither saw fit to make even a modest effort at meeting the burden that is required of them.

In its provisional sealing order, the Court opined that "it appears that Plaintiffs and counsel for the Bureau for Public Health engaged in discussions in an attempt to arrive at the narrowest possible redactions for the materials submitted."

A closer examination of the previous filings in this case would lead one to question whether this is really what happened.

For example, Defendant water company's original reply brief filed in August 2014 (ECF 95) contains the following statement on page 6:

*"On July 24, 1969, eight days after the July 16, 1969, Commission Order, WVAWC submitted– revised design plans showing a new, single intake on the Elk at the new plant site;"*

However, when this same statement was included in the more recent Plaintiffs' Surreply, filed on May 18, 2015, (ECF 362-2), the words "the new plant site" were redacted.

It's unclear how a methodical review intended to "arrive at the narrowest possible redactions" would result in material that was previously public – and remains available via PACER – to be redacted in a subsequent court filing.

While the parties are silent as to exactly what statute, regulation or case law they believe supports sealing the records in question from the public, it seems likely that if pressed they or the regulator in question (the Bureau for Public Health) would point to Exemption 17 of the West Virginia Freedom of Information Act, which allows (but does not require) state agencies to withhold from disclosure "specific engineering plans and descriptions of existing public utility plants and equipment." *W.Va. Code 29B-1-4(a)(17)*.

However, West Virginia American's Court filings to date suggest that the most important records at issue here – those purporting to describe piping to connect the Coonskin Intake to the new treatment plant – cannot be swept into secrecy under that particular state FOIA exemption for *"existing"* plants and equipment. In its recent reply (ECF 372-1), the water company stated that the equipment in question "was used for the testing of the KVTP and transition from the old plant to the new" and that the connection in question "was used during the final months of construction in 1973 while the new intake at the KVTP was being completed and ended when the new intake at the KVTP began to be used on December 29, 1973." West Virginia American informs the Court its exhaustive records search has thus far produced no evidence that this equipment "was ever used to move raw water again."

Finally, the Court has raised the issue in its provisional sealing order that the motions and exhibits in question here might somehow not qualify as "judicial records" under the 4th Circuit's ruling in In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D), *707 F 3d 283, 290*. In that case, the 4th Circuit adopted a definition under

which documents filed with this Court would become "judicial records" – with some right of access for the public – "if they play a role in the adjudicative process or adjudicate substantive rights."

In one of the two cases relied on in In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D), the 4th Circuit noted that the District Court there had specifically stated that it "did not rely upon the documents filed and designated as confidential" and "excluded the documents from consideration." *In re Policy Management Systems Corp., 67 F.3d 296 (4th Cir. 1995)*. In this Court's Memorandum Opinion and Order (ECF 378) ruling on various motions to dismiss filed by the water company, the Court stated that it was ruling "*having considered* the surreply and the response thereto."

The un-redacted briefs and exhibits should not be sealed. At the very least, if the Court determines that drawings showing the precise locations of water company equipment should remain under seal, the briefs containing descriptions of that equipment should be unsealed.

Sincerely,

Ken Ward Jr.
Staff Writer