**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| **CRYSTAL GOOD, et al., on behalf of themselves and all others similarly situated**<br>**Plaintiffs and Proposed Class Representatives,**<br><br>**v.**<br><br>**AMERICAN WATER WORKS COMPANY, INC., et al** | **Civil Action No. 2:14-CV-01374**<br>**HON. JOHN T. COPENHAVER**<br><br>**This Motion Also Relates to:**<br>**Civil Action No. 2:14-CV-13164**<br>**Civil Action No. 2:14-CV-03433**<br>**Civil Action No. 2:14-CV-11011**<br>**Civil Action No. 2:14-CV-13454**<br>**Civil Action No. 2:14-CV-11009** |

**MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT OF CLASS ACTION**

Class Plaintiffs, through undersigned counsel, respectfully move the Court for its Order preliminarily approving a settlement between the Class and individual defendants Gary Southern and Dennis Farrell on the terms and for the reasons set forth below.

## I. INTRODUCTION.

This action arises from the release of Crude MCHM into the Elk River at Charleston, West Virginia on January 9, 2014. Plaintiffs respectfully request that the Court grant preliminary approval of the proposed settlement with Defendants Gary Southern ("Southern") and Dennis Farrell ("Farrell") (collectively, the "Settling Parties"). After extensive and hard-fought litigation, which included motion practice and discovery, and after thorough settlement negotiations, the Settling Parties have reached an agreement. Plaintiffs' goals in this lawsuit are to obtain compensatory and punitive damages, equitable relief and injunctive relief for individuals and businesses supplied with, using, or exposed to water contaminated with Crude

MCHM. Plaintiffs believe that the agreements entered into with Farrell and Southern (the "Settlement Agreements") represent a substantial step toward achieving those goals.

Thus, Plaintiffs hereby apply for the entry of an order that will preliminarily approve the Settlement Agreements. Plaintiffs propose to provide notice to the Settlement Class coincident with issuing notice of the pendency of this action as a Class action pursuant to this Court's Order dated October 8, 2015.

## II. BACKGROUND OF THE LITIGATION

On January 9, 2014, over 10,000 gallons of Crude MCHM (a coal processing chemical mixture) leaked from a corroded tank, flowed down the Elk River, and contaminated the water of over 200,000 West Virginians. The leak originated at a facility owned and operated by Freedom Industries, Inc. ("Freedom"). Southern and Farrell were officers or directors of Freedom prior to the leak. Plaintiffs brought suit against numerous Defendants, including Southern and Farrell, through a complaint filed January 14, 2014, a Consolidated Class Action Complaint filed June 20, 2014, and a First Amended Class Action Complaint filed December 9, 2014 (collectively, "the Class Action Complaints"). Plaintiffs seek to represent a class of all persons and businesses supplied with, using, or exposed to water contaminated with Crude MCHM as a result of the leak. Plaintiffs allege that Southern and Farrell had the power and authority to make repairs that may have avoided or mitigated the effects of the leak, but failed to undertake these repairs. Plaintiffs allege that Defendants, including Southern and Farrell, violated federal and state statutes and regulations, were negligent, and violated other common law and legal duties owed to Plaintiffs. Both Southern and Farrell have entered guilty pleas for their acts and conduct leading up to the Spill.

## III. SUMMARY OF THE SETTLEMENT

Subject to the Government's release of the funds previously seized from Southern, Southern will pay the sum of $350,000.00 into the Court's Registry. Upon preliminary approval of the

settlement, Farrell will pay the sum of $50,000.00 into the Court's Registry. The funds can then only be used to benefit the Class pursuant to further orders of this Court. In consideration, the Class fully and finally releases, acquits, and forever discharges Southern and Farrell from all liabilities arising from or related to the matters described in the operative Consolidated Class Action Complaint. Copies of the Settlement Agreements with Messrs. Southern and Farrell are attached as Exhibits A and B, respectively.

## IV. STANDARD FOR APPROVAL OF A CLASS ACTION SETTLEMENT

Judicial policy strongly favors settlement of complex class action litigation. *See Case v. Plantation Title Co.*, 2015 WL 1034461, at *6 (D.S.C. Mar. 5, 2015) (recognizing a "strong judicial policy in favor of settlements, particularly in the class action context"); Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*"), § 17.22 (4th ed.) ("The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding lengthy trials and appeals").

Rule 23(e) governs the settlement of class actions. The Rule provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). Approval of a class action settlement proceeds in two stages: (1) the court must preliminarily approve the settlement and settlement class, and, when feasible, notice is sent to class members[1] and (2) the court conducts a final approval hearing to inquire into the fairness of the proposed settlement. *See Manual for Complex Litigation* (Fourth) § 21.632 (2004); *Newberg* at § 11.25.

At the preliminary approval stage, the trial court must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms. *Manual for Complex*

[1] Here, given the amounts at issue in the Settlement Agreements, the cost to provide individual notice to each member of the proposed class is prohibitive unless the notice is combined with the one to be sent to the litigation class certified by this Court.

*Litigation* (Fourth) § 21.632 (2004). "[T]he Court's duty is to conduct a threshold examination of the overall fairness and adequacy of the settlement in light of the likely outcome and the cost of continued litigation." *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 350 (N.D. Ohio 2001). In approving a settlement agreement, the court is not required "to establish that as a matter of legal certainty . . . the subject claim or counterclaim is or is not worthless or valuable." *Flinn v. FMS Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975). Courts should grant preliminary approval when a settlement contains no obvious deficiencies; reveals no evidence of collusion; and is the result of serious, arm's-length negotiations. *Harris v. McCrackin*, 2006 WL 1897038, at *5 (D. S.C. July 10, 2006); *In re Shell Oil Refinery*, 155 F.R.D. 552 (E.D. La. 1993). When these requirements are met, it is "appropriate for the court to give significant weight to the judgment of class counsel," and "[the court] should be hesitant to substitute its own judgment for that of counsel." *In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 665 (E.D. Va. 2001) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir.1977)).

## V. THE COURT SHOULD GRANT PRELIMINARY APPROVAL TO THE SETTLEMENT AGREEMENT.

When evaluating the fairness and adequacy of a proposed class settlement, this Court is guided by the following factors:

> (1) the extent of discovery that has taken place and the stage of the proceedings; (2) bad faith or collusion and circumstances surrounding the negotiation; (3) the experience of counsel; (4) objections from class members; (5) relative strength of the Plaintiffs' case on the merits, and the risk, expense, complexity, and likely duration of future litigation; (6) the amount of the settlement, the solvency of the defendants, and the likelihood of recovery on a litigated judgment.

*In re Jiffy Lube Secs. Litig*, 927 F.2d 155, 159 (4th Cir. 1991); *Flinn*, 528 F.2d at 1173-74; *Henley v. FMC Corp.*, 207 F. Supp. 2d 489 (S.D. W.Va. 2002). These factors heavily favor granting preliminary approval here.

### A. The Current Stage of the Litigation and the Discovery That Has Occurred Favors

**Preliminary Approval.**

"[T]his factor is useful in evaluating whether the plaintiffs and their counsel have sufficiently developed the case to appreciate the merits of their claims. There is, however, no minimum or definitive amount of discovery that must be undertaken." *In re Serzone Products Liab. Litig.*, 231 F.R.D. 221, 244 (S.D. W.Va. 2005) (internal citations omitted). Here, Plaintiffs have engaged in sufficient discovery to evaluate the merits of the claims. The litigation has been ongoing for over almost two years. During that time, Plaintiffs deposed Farrell on limited issues and served Requests for Production and Interrogatories on Southern. The Settling Parties exchanged Initial Disclosure Statements pursuant to Fed. R. Civ. P. 26(a)(1). Plaintiffs have also engaged in extensive discovery with other Defendants, which provided further information on the Crude MCHM leak. Based on this information, counsel have developed an informed view of the strengths and weaknesses of Plaintiffs' case. Thus, this factor weighs in favor of granting preliminary approval.

**B. The Circumstances Surrounding the Settlement Negotiations Favor Preliminary Approval.**

"Absent evidence to the contrary, the court may presume that settlement negotiations were conducted in good faith and that the resulting agreement was reached without collusion." *Muhammad v. Nat'l City Mortgage, Inc.*, 2008 WL 5377783, at *4 (S.D.W. Va. Dec. 19, 2008). Here, there is no evidence of bad faith or collusion, as no bad faith or collusion occurred. Rather, the Settlement Agreements were negotiated by experienced counsel during arm's-length negotiations after sufficient discovery. The settlement was hammered out between the parties and is the product of significant give and take by both sides, who were aware at all times of the strengths and weaknesses of their respective cases. This factor also weighs in favor of granting preliminary approval

**C. Class Counsel is Experienced in the Area of Class Action Litigation.**

The opinion of experienced counsel "should be given weight in evaluating the proposed settlement." *Flinn*, 528 F.2d at 1173. Here, class counsel are skilled and experienced in class action litigation, including actions similar to this in size and scope. Class counsel competently and capably represented Plaintiffs and are confident that the Settlement Agreements are fair and reasonable to the proposed class. This factor weighs in favor of granting preliminary approval.

**D. The Reaction of the Class Will Likely Be Positive.**

While the reaction of absent class members cannot be conclusively gauged, the fact that Plaintiffs and their experienced counsel support the Settlement Agreements is a strong indication that members of the Settlement Class will also view them positively.

**E. Though Plaintiffs' Claims Have Substantial Merit, Further Litigation Would Be Risky, Lengthy, Complex, And Expensive.**

"A settlement is by nature a compromise between the maximum possible recovery and the inherent risks of litigation. The test is whether the settlement is adequate and reasonable and not whether a better settlement in conceivable." *Muhammad*, 2008 WL 5377783 at *5 (quoting *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 258 (D. Del. 2002). The Settlement Agreements reflect a reasonable compromise between the parties. While Plaintiffs believe that their claims are strong, there is always risk involved in the civil litigation process. The proposed settlement recognizes this risk while also paying a significant recovery to class members. *See id.*

"The complexity, expense, and duration of litigation are factors that support approval of a settlement." *Id.* The instant litigation is complex, and it will be a lengthy and expensive process to pursue claims against Southern and Farrell to completion. Importantly, the case against Southern and Farrell is different than the one against the corporate defendants and will require Plaintiffs to prove different facts. The Settlement Agreements eliminate the risks of continued litigation and eliminate

the substantial risk of no recovery after several more years of litigation and trial. Thus, this factor also weighs in favor of granting preliminary approval.

**F. The Amount Offered in Settlement is Fair and Appropriate.**

The Settling Parties and Plaintiffs' experienced counsel believe the settlement amounts are fair and appropriate. Further, while Plaintiffs have no concern that Southern and Farrell can pay the amounts provided in the Settlement Agreements, they are unlikely to be able to pay the large compensatory damages award that could be assessed were the case to proceed through trial and survive challenge on appeal. Thus, this factor weighs in favor of preliminary approval of this settlement.

## VI. ATTORNEYS' FEES & COSTS

Plaintiffs do not seek to recover attorneys' fees or costs from the amounts provided in the Settlement Agreements. No fees will be taken out of these funds at this time. The funds will be placed in the registry of the Court or otherwise deposited in a secure account as the Court directs, distributable for the benefit of the Class only by further Court order. However, Plaintiffs do not waive their right to apply for attorneys' fees and costs upon resolution of the case.

## VII. CONCLUSION

For the reasons provided herein, Plaintiffs respectfully request that the Court preliminarily approve the Settlement Agreements and set a hearing on final approval thereof.

Dated: December 9, 2015.

Plaintiffs,
By Counsel.

***/s/Kevin W. Thompson***

Kevin W. Thompson, Esq. (WVSB #5062)
David R. Barney, Jr., Esq. (WVSB #7958)
Thompson Barney
2030 Kanawha Boulevard, East
Charleston, West Virginia 25311
Phone: 304-343-4401

Facsimile: 304-343-4405
kwthompsonwv@gmail.com
drbarneywv@gmail.com

Van Bunch, Esq. (WVSB #10608)
Bonnett Fairbourn Friedman & Balint PC
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Phone: 602-274-1100
Facsimile: 602-274-1199
vbunch@bffb.com

Stuart Calwell, Esq. (WVSB #0595)
Alex McLaughlin, Esq. (WVSB #9696)
D. Christopher Hedges, Esq. (WVSB #7894)
The Calwell Practice, LC
Law and Arts Center West
500 Randolph Street
Charleston, West Virginia 25302
Phone: 304-343-4323
Facsimile: 304-344-3684
scalwell@calwelllaw.com
amclaughlin@calwelllaw.com
chedges@calwelllaw.com

*Interim Class Counsel for Plaintiffs and the Class*

Mark F. Underwood, Esq. (WVSB #7023)
Underwood Law Office
923 Third Avenue
Huntington, West Virginia 25701
Phone: 304-522-0508
Facsimile: 304-399-5449
markunderwood@underwoodlawoffice.com

*Counsel for Plaintiffs*

P. Rodney Jackson, Esq. (WVSB #1861)
Law Offices of Rod Jackson
401 Fifth Third Center
700 Virginia Street, East
Charleston, West Virginia 25301
Phone: 843-780-6879
Facsimile: 304-345-7258
prodjackson27@yahoo.com

Stephen H. Wussow, Esq. (visiting attorney)
Michael G. Stag, Esq. (visiting attorney)
Stuart H. Smith, Esq. (visiting attorney)
Sean S. Cassidy, Esq. (visiting attorney)

Smith Stag, LLC
One Canal Place
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Phone: 504-593-9600
Facsimile: 504-593-9601
swussow@smithstag.com
mstag@smithstag.com
smith@smithstag.com
scassidy@smithstag.com

Michael J. Del Giudice, Esq. (WVSB #0982)
Timothy J. LaFon, Esq. (WVSB #2123)
Cicarello, Del Giudice and La Fon
1219 Virginia Street, East, Suite 100
Charleston, West Virginia 25301
Phone: 304-343-4400
Facsimile: 304-343-4464
mikedel@cdlwv.com
tlafon@cdlwv.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT WEST VIRGINIA**

**CRYSTAL GOOD, *et al.***
**Plaintiffs,**
**v.**

**AMERICAN WATER WORKS COMPANY, INC., a Delaware corporation, *et al.***
**Defendants.**

**Case No. 2:14-cv-01374**
**Consolidated with:**
**Case No. 2:14-11011**
**Case No. 2:14-13164**
**Case No. 2:14-13454**
**CONSOLIDATED CLASS ACTION**

**Certificate of Service**

The undersigned counsel for Plaintiffs hereby certifies that on December 9, 2015, the foregoing ~~m~~***Motion for Preliminary Approval of Partial Settlement of Class Action*** was filed through the CM/ECF system which will send notification of the filing to all counsel of record.

***/s/Kevin W. Thompson***
Kevin W. Thompson, Esq. (WVSB #5062)