UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

CRYSTAL GOOD, individually and as
parent and next friend of minor children
M.T.S., N.T.K. and A.M.S. and MELISSA JOHNSON,
individually and as parent of her unborn child,
MARY LACY and JOAN GREEN and JAMILA AISHA OLIVER,
WENDY RENEE RUIZ and KIMBERLY OGIER and ROY J. McNEAL and
GEORGIA HAMRA and MADDIE FIELDS and BRENDA BAISDEN, d/b/a
FRIENDLY FACES DAYCARE, and ALADDIN RESTAURANT, INC., and
R. G. GUNNOE FARMS LLC, and DUNBAR PLAZA, INC.,
d/b/a DUNBAR PLAZA HOTEL,
on behalf of themselves and all others similarly situated,

            Plaintiffs,

v.                                   Civil Action No.: 2:14-01374

AMERICAN WATER WORKS COMPANY, INC., and
AMERICAN WATER WORKS SERVICE COMPANY, INC., and
EASTMAN CHEMICAL COMPANY and
WEST VIRGINIA-AMERICAN WATER COMPANY,
d/b/a WEST VIRGINIA AMERICAN WATER, and
GARY SOUTHERN and DENNIS P. FARRELL,

            Defendants.


MEMORANDUM OPINION AND ORDER


        Pending are plaintiffs' motion to file under seal

("first motion to seal"), filed May 18, 2015, the water company

defendants' motion for leave to file under seal their response

to plaintiffs' surreply ("second motion to seal"), filed May 28,

2015, the plaintiffs' motion to file documents under seal

("third motion to seal"), filed July 6, 2015, and a joint motion

to seal ("joint motion to seal"), filed July 27, 2015.  The
court has also received the parties' September 8, 2015, proposed
order respecting this matter, along with various public
comments.[1]


                              I.


          On May 18, 2015, plaintiffs filed the first motion to
seal and attached documents respecting the water company
defendants' motion to dismiss.  In the first motion to seal,
plaintiffs sought to shield from public view certain materials
referenced in their proposed surreply and discussed therein.
They asserted as follows:

     Confidential information contained in the Surreply
     include drawings, documents and location information
     marked "CONFIDENTIAL" by the West Virginia Bureau of
     Public Health (WVBPH).  This information relates to
     the locations, distances and connections of certain
     pipes and water company facilities that could be of
     potential use to any entity intent on doing harm to
     the safety of the area's water supply.

(Memo. in Supp. at 1).

_____

          [1] The court has considered, and appreciates, the public
comments submitted heretofore by Ken Ward, Jr., of the
Charleston Gazette, Jim Hatfield, Paul Sheridan of the Advocates
for a Safe Water System, Maya Nye of the People Concerned About
Chemical Safety, and Heather B. Osborn of the Consumer Advocate
Division of the Public Service Commission of West Virginia.

Plaintiffs additionally asserted as follows in their memorandum in support accompanying the first motion to seal:

> Pursuant to the Revised Protective Order (ECF. Doc 261), Plaintiffs submitted the pleadings and exhibits at issue to Counsel for the WVAW and AWWSC and Counsel for the WVBPH on May 1, 2015 seeking to reach agreement as to precisely which information contained in the Surreply would be redacted.
>
> After two weeks, agreement was reached as to the extent of the redactions required to protect the interests of both WVAW/AWWSC and the WVBPH.
>
> Undersigned counsel filed a redacted copy of the Motion for Leave to File Surreply on May 18, 2018.

(Memo. in Supp. of Slg. Mot. at 1-2).

On May 20, 2015, the court provisionally granted the first motion to seal, stating in part as follows:

> Inasmuch as a decision on the motion to dismiss remains under advisement, the court is unable to ascertain whether the documents offered for sealing constitute judicial records to which the right of access will apply. It is, accordingly, ORDERED that the motion to seal be, and hereby is, granted provisionally pending the further order of the court following a determination of the character of the submitted documents.

(Ord. at 3).

On June 3, 2015, the court permitted any person desiring to be heard on the matter of sealing to file written comments on or before June 15, 2015.  That same day, the court entered its memorandum opinion and order respecting the water company defendants' motion to dismiss.  The sole reference by

3

the court to the surreply is as follows:

> Having considered the surreply and the response
> thereto filed May 28, 2015, the matter is ripe for
> adjudication.

(Mem. Op. and Ord. at 2).  The provisionally sealed documents
attached to the surreply were not mentioned.  The court in no
way used or relied upon the documents submitted for sealing.
The court "considered" the materials solely for purposes of
assuring they had no bearing on the issues under consideration
in the water company defendants' motion to dismiss.

On July 6, 2015, plaintiffs filed the third motion to
seal, lodging under seal with the court over 500 pages of
material consisting of their motion, exhibits, and memorandum in
support of their class certification request.

On July 7, 2015, the court concluded the proposed
sealing was patently overbroad and thus inconsistent with
binding United States Supreme Court and other precedent, along
with the Local Rules of Civil Procedure and the administrative
procedures for the CM/ECF system.  Plaintiffs were directed to
show cause in writing on or before July 9, 2015, why the
entirety of the documents proposed for sealing should not be
spread upon the public record.  In response, plaintiffs asserted
that the materials lodged with the court should be unsealed in
their entirety.

On July 17, 2015, the court received defendants' joint response to plaintiffs' response to the show cause order.  In their joint response, defendants asserted that they had reached limited agreement with plaintiffs respecting documents that might be unsealed or that might have various redactions removed therefrom.

On July 22, 2015, the court directed the parties to further confer respecting any documents presently lodged under seal and, if appropriate, withdraw those documents that are deemed unnecessary to a decision respecting the motion for class certification.

On July 27, 2015, the parties filed their joint motion to unseal documents, which was directed at the approximately 500 pages of documents lodged under seal with the court that were related to plaintiffs' motion for class certification.  The parties advised that they "conferred and reached agreement that none of the exhibits should be withdrawn in their entirety but that there were limited portions of each document for which redaction was deemed appropriate either in the interest of public safety [as to the water company documents] or to protect trade secret information [as to the Eastman documents] not directly relevant to the issues at bar."  (Jt. Mot. to Unseal at 1-2).

5

Particularly with respect to the verbal descriptions or visual descriptions (i.e., maps and drawings) of the physical characteristics and locations of buried or obscured water company assets, the water company defendants insist that sealing is essential, stating, "It makes no sense to publish a roadmap of where to dig, where to bomb, or what to contaminate, impair, or destroy." (Id. at 3).

II.

As indicated by our court of appeals' recent precedent, the degree of protection accorded to the public's right of access may depend upon the use, if any, made by the court of the material for which a sealing order is sought:

> For a right of access to a document to exist under either the First Amendment or the common law, the document must be a "judicial record."
>
> . . . .
>
> In Rushford[ v. New Yorker Magazine, 846 F.2d 249, 253 (4th Cir. 1988),] we held that discovery documents filed in connection with a dispositive motion, such as a motion for summary judgment, were subject to the right of access because "summary judgment adjudicates substantive rights." 846 F.2d at 252. In In re Policy Management Systems Corp., we refrained from ascribing the First Amendment right of access to documents not considered by the court but filed with a motion to dismiss, reasoning that they "do not play any role in the adjudicative process." 67 F.3d 296 (4th Cir. 1995) (unpublished table decision).  Taken together, Rushford and In re Policy Management Systems Corp.

6

hold that documents filed with the court are "judicial
records" <u>if they play a role in the adjudicative
process, or adjudicate substantive rights. We adopt
that definition</u>. In doing so, we are in harmony with
the decisions of several of our sister circuits.

<u>In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)</u>,
707 F.3d 283, 290 (4th Cir. 2013) (emphasis added); <u>see also</u> <u>In</u>
<u>re Policy Management Systems Corp.</u>, Nos. Nos. 94-2254, 94-2341,
1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995) ("We hold that
the mere filing of a document with a court does not render the
document judicial.  We agree with the Second Circuit that a
document becomes a judicial document <u>when a court uses it in</u>
<u>determining litigants' substantive rights</u>.  Therefore, we
conclude that a document must play a relevant and useful role in
the adjudication process in order for the common law right of
public access to attach.")(emphasis added)(citation omitted).

     As noted respecting the ruling on the water company's
motion to dismiss, the sole reference by the court to the
surreply with attached provisionally sealed documents and the
response to the surreply is as follows:

     Having considered the surreply and the response
     thereto filed May 28, 2015, the matter is ripe for
     adjudication.

(Mem. Op. and Ord. at 2).  Again, the provisionally sealed
documents attached to the surreply were not mentioned in the

court's decision, and the court in no way used or relied upon the documents submitted for sealing or any redactions thereto.

III.

Respecting the third motion to seal and the joint motion to unseal, both of which concern the motion for class certification, the memorandum opinion and order addressing class certification was entered October 9, 2015.  The third motion to seal lodged with the court 515 pages of putatively confidential material divided between 21 exhibits.  The court notes that, in the joint motion to unseal, the parties have reached agreement to remove certain confidentiality designations on hundreds of pages, as itemized in the July 17, 2015, joint response by defendants to plaintiffs' response to the show cause order, the July 27, 2015, joint motion to unseal, and the September 8, 2015, proposed "Order Granting Joint Motion to Unseal Documents."

The court ORDERS that the joint motion to unseal be, and hereby is, granted.  To the extent not accomplished heretofore, counsel are directed to file, within fourteen days, the materials agreed upon for either unsealing or for the removal of redactions which, according to the proposed order, would be accomplished as follows:

8

> Exhibits 7 and 11 of Plaintiffs' [July 6, 2015] Motion
> to Seal Documents be substituted with Exhibits 1 and 2
> of the [July 27, 2015] Joint Motion to Unseal
> Documents and that the remainder of the Exhibits to
> Plaintiffs' [July 6, 2015] Motion to Seal Documents be
> unsealed.

(Prop. Ord. at 2).[2]

The only remaining question respecting the third motion to seal is the propriety of the redactions made to the referenced Exhibits 7 and 11.  The rules governing that inquiry only apply, as noted _supra_, if the two exhibits qualify as judicial records, namely, if they played a role in the adjudicative process.  The two exhibits do not so qualify.  They were not used by the court, in any respect, in arriving at the rulings set forth in its October 9, 2015, memorandum opinion and order.

---

[2] As noted, the July 6, 2015, motion to seal lodged with the court 515 pages of putatively confidential material divided between 21 exhibits.  Exhibit 7 thereof, along with subparts a-d, consisted of the expert report of David W. Mazyck, Ph.D.  Dr. Mazyck's report spans 255 pages.  Exhibit 11 to the motion to seal, entitled the "SMBU PRODUCT PROFILE," consists of 9 pages.
It is only these two exhibits that the parties now propose to lodge with the court for sealing, and then only in part.  The partial proposed sealing of these two documents consists of limited redactions made to portions of just 16 pages out of the 515 pages originally lodged for sealing.

IV.

The court is bound by the aforementioned controlling precedent of the court of appeals.  Inasmuch as (1) the surreply, (2) the documents attached thereto, (3) the response to the surreply, and (4) Exhibits 7 and 11 to the motion for class certification were not used in the adjudicative process, it is ORDERED that the first, second, and third motions to seal be, and hereby are, granted.

Two additional observations are in order.  First, it may be the case at a later point in this litigation that the documents submitted for sealing will become part of the adjudicative process.  In that event, the court will undertake the sealing inquiry anew.  Second, counsel are directed to scrutinize the redactions in briefing submitted heretofore and remove therefrom any redacted language that has appeared in filings placed at some earlier time on the public docket.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and any unrepresented parties and the interested parties.

DATED:     March 30, 2016

John T. Copenhaver, Jr.
United States District Judge

10