# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **CRYSTAL GOOD, et al., on behalf of themselves and all others similarly situated Plaintiffs and Proposed Class Representatives,** | **Civil Action No. 2:14-CV-01374 HON. JOHN T. COPENHAVER** |
| **v.** | **CONSOLIDATED CLASS ACTION** |
| | **This Motion Also Relates to:** |
| **AMERICAN WATER WORKS COMPANY, INC., et al** | **Civil Action No. 2:14-CV-13164 Civil Action No. 2:14-CV-11011 Civil Action No. 2:14-CV-13454 Civil Action No. 2:14-CV-11009** |

## MOTION AND MEMORANDUM
## <u>FOR FINAL APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT</u>

Class Plaintiffs, through undersigned counsel, respectfully move the Court for its Order granting final approval of the settlement between the Class and individual Defendants Gary Southern and Dennis Farrell on the terms and for the reasons set forth below.

## I.    <u>INTRODUCTION.</u>

This action arises from the drinking water contamination event initiated by the release of Crude MCHM into the Elk River at Charleston, West Virginia on January 9, 2014. Plaintiffs have reached proposed class settlements with Defendants Gary Southern ("Southern") and Dennis Farrell ("Farrell") (collectively, the "Settling Parties"), both formerly affiliated with Freedom Industries, Inc. ("Freedom"), the company that ran the Etowah River Terminal from which the product escaped.  The Court has preliminarily approved both Settlements.[1]  Pursuant to Rule 23(e), Fed. R. Civ. P., Plaintiffs now respectfully move the Court for final approval of the

---

[1] *See* Order Preliminarily Approving Settlement and Form of Order on Class Certification, Doc. 514, dated December 16, 2015 ("Preliminary Approval Order").

Settlements, as they provide substantial and immediate economic benefits. As shown below, the proposed Settlements are "fair, reasonable and adequate," and thus warrant final approval.

## II.     BACKGROUND OF THE LITIGATION.

On January 9, 2014, over 10,000 gallons of Crude MCHM (a coal processing chemical mixture) leaked from a corroded tank, flowed down the Elk River, and contaminated the water of over 200,000 West Virginians. The leak originated at a facility owned and operated by Freedom. Southern and Farrell were officers or directors of Freedom prior to the leak.  Plaintiffs brought suit against numerous Defendants, including Southern and Farrell, through a Complaint filed January 14, 2014, a Consolidated Class Action Complaint filed June 20, 2014, and a First Amended Class Action Complaint filed December 9, 2014 (collectively, "the Class Action Complaints," Docs. 1, 44 and 170, respectively). Plaintiffs represent a certified class of all persons and businesses supplied with, who used, or were otherwise exposed to water contaminated with Crude MCHM as a result of the leak. Plaintiffs allege that Southern and Farrell had the power and authority to make repairs that may have avoided or mitigated the effects of the leak, but failed to undertake these repairs. Plaintiffs allege that Defendants, including Southern and Farrell, violated federal and state statutes and regulations, were negligent, and violated other common law and legal duties owed to Plaintiffs.  Both Southern and Farrell have entered guilty pleas, been fined and sentenced for their acts and conduct leading up to the Spill.

## III.     SUMMARY OF THE SETTLEMENT.

Southern and Farrell will pay the sums of $350,000 and $50,000, respectively into the Court's Registry promptly upon final approval of this settlement. In consideration, the Settlement Class fully and finally releases, acquits, and forever discharges Southern and Farrell from all liabilities arising from or related to the matters described in the operative Consolidated Class Action

Complaint. Copies of the Settlement Agreements with Messrs. Southern and Farrell are attached as Exhibits A and B, respectively.

## **STANDARD FOR APPROVAL OF A CLASS ACTION SETTLEMENT.**

Judicial policy strongly favors settlement of complex class action litigation. *See Case v. Plantation Title Co.*, 2015 WL 1034461, at *6 (D.S.C. Mar. 5, 2015) (recognizing a "strong judicial policy in favor of settlements, particularly in the class action context"); Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*"), § 17.22 (4th ed.) ("The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding lengthy trials and appeals").

Rule 23(e) governs the settlement of class actions. The Rule provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). Approval of a class action settlement proceeds in two stages: (1) the court must preliminarily approve the settlement and settlement class, and, when feasible, notice is sent to class members and (2) the court conducts a final approval hearing to inquire into the fairness of the proposed settlement. *See Manual for Complex Litigation* (Fourth) § 21.632 (2004); *Newberg* at § 11.25.   Under Rule 23(e)(2), the final settlement must be "fair, reasonable, and adequate."

## IV.   **THE COURT SHOULD GRANT FINAL APPROVAL TO THE SETTLEMENT AGREEMENT.**

When evaluating the fairness and adequacy of a proposed class settlement, this Court is guided by the following factors:

(1) the extent of discovery that has taken place and the stage of the proceedings;
(2) bad faith or collusion and circumstances surrounding the negotiation; (3) the

experience of counsel; (4) objections from class members; (5) relative strength of the Plaintiffs' case on the merits, and the risk, expense, complexity, and likely duration of future litigation; (6) the solvency of the defendants and the likelihood of recovery on a litigated judgment.

*In re Jiffy Lube Secs. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991); *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975); *Henley v. FMC Corp.*, 207 F. Supp. 2d 489 (S.D. W.Va. 2002). These factors heavily favor granting final approval here.

### A.  The Stage of the Litigation and the Discovery That Occurred at the Time of Settlement Favors Final Approval.

"[T]his factor is useful in evaluating whether the plaintiffs and their counsel have sufficiently developed the case to appreciate the merits of their claims. There is, however, no minimum or definitive amount of discovery that must be undertaken." *In re Serzone Products Liab. Litig.*, 231 F.R.D. 221, 244 (S.D. W.Va. 2005) (internal citations omitted). Here, at the time the settlements were proposed, Plaintiffs had engaged in sufficient discovery to evaluate the merits of the claims. At that time, the litigation had been ongoing for almost two years. Plaintiffs had deposed Farrell on limited issues and served Requests for Production and Interrogatories on Southern. The Settling Parties had exchanged Initial Disclosure Statements pursuant to Fed. R. Civ. P. 26(a)(1). Plaintiffs had also engaged in extensive discovery with other Defendants, which provided further information on the Crude MCHM leak. Based on this information, counsel had developed an informed view of the strengths and weaknesses of Plaintiffs' case. Thus, this factor weighs in favor of granting final approval.

### B.  The Circumstances Surrounding the Settlement Negotiations Favor Final Approval.

"Absent evidence to the contrary, the court may presume that settlement negotiations were conducted in good faith and that the resulting agreement was reached without collusion."

*Muhammad v. Nat'l City Mortgage, Inc.*, 2008 WL 5377783, at *4 (S.D.W. Va. Dec. 19, 2008). Here, there is no evidence of bad faith or collusion, as no bad faith or collusion occurred. Rather, the Settlement Agreements were negotiated by experienced counsel during arm's-length negotiations after sufficient discovery. The settlement was hammered out between the parties and is the product of significant give and take by both sides, who were aware at all times of the strengths and weaknesses of their respective cases.  This factor also weighs in favor of granting final approval. For more detailed information on the negotiation process, *see* the Declaration of Class Counsel Kevin W. Thompson, attached as Exhibit A.

**C.**      **Class Counsel is Experienced in the Area of Class Action Litigation.**

The opinion of experienced counsel "should be given weight in evaluating the proposed settlement." *Flinn*, 528 F.2d at 1173.  Here, class counsel are skilled and experienced in class action litigation, including actions similar to this in size and scope. Class counsel have competently and capably represented Plaintiffs, and are confident that the Settlement Agreements are fair and reasonable to the class. This factor weighs in favor of granting final approval.

**D.**      **The Reaction of the Class Has Been Overwhelmingly Positive.**

Out of thousands of class members, only two objections have been received to date. The Class clearly favors settlement, and thus this factor also weighs in favor of final approval. Neither objector indicated an intention to appear at the final approval hearing, nor do the objections amount to more than indications the objecting class members wish more money could be had.

**E.**      **Though Plaintiffs' Claims Have Substantial Merit, Further Litigation Would Be Risky, Lengthy, Complex, And Expensive.**

"A settlement is by nature a compromise between the maximum possible recovery and the inherent risks of litigation. The test is whether the settlement is adequate and reasonable and not

whether a better settlement in conceivable." *Muhammad*, 2008 WL 5377783 at *5 (quoting *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 258 (D. Del. 2002)). The Settlement Agreements reflect a reasonable compromise between the parties. While Plaintiffs believe that their claims are strong, there is always risk involved in the civil litigation process. The proposed settlement recognizes this risk while also paying a significant recovery to class members. *See id.*

"The complexity, expense, and duration of litigation are factors that support approval of a settlement." *Id.* The instant litigation is complex, and it will be a lengthy and expensive process to pursue claims against Southern and Farrell to completion.  Importantly, the case against Southern and Farrell is different than the one against the corporate defendants and will require Plaintiffs to prove different facts. The Settlement Agreements eliminate the risks of continued litigation and eliminate the substantial risk of no recovery after several more years of litigation and trial. Thus, this factor also weighs in favor of granting final approval.

**F.**   **The Amount Offered in Settlement is Fair and Appropriate.**

The Settling Parties and Plaintiffs' experienced counsel believe the settlement amounts are fair and appropriate. Further, while Plaintiffs have no concern that Southern and Farrell can pay the amounts provided in the Settlement Agreements, they are unlikely to be able to pay the large compensatory damages award that could be assessed were the case to proceed through trial and survive challenge on appeal. Thus, this factor weighs in favor of final approval of this settlement.

## V.    <u>CONCLUSION</u>.

For the reasons provided herein, Plaintiffs respectfully request that the Court grant Final

Approval of the Settlement Agreements.

By Counsel,

*/s/ **Kevin W. Thompson***
Kevin W. Thompson, Esquire (W.Va. Bar No. 5062)
Thompson Barney Law Firm
2030 Kanawha Boulevard, East
Charleston, West Virginia  25311
Telephone: (304) 343-4401
Facsimile: (304) 343-4405
kwthompsonwv@gmail.com

Van Bunch, Esquire (W.Va. Bar No. 10608)
Bonnett Fairbourn Friedman & Balint PC
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Facsimile: (602) 274-1199
vbunch@bffb.com

Stuart Calwell, Esquire (WVSB# 0595)
Alex McLaughlin, Esquire (WVSB# 9696)
D. Christopher Hedges, Esquire (WVSB# 7894)
THE CALWELL PRACTICE, LC
Law and Arts Center West
500 Randolph Street
Charleston, WV 25302
(304) 343-4323
(304) 344-3684 (facsimile)
scalwell@calwelllaw.com
amclaughlin@calwelllaw.com
chedges@calwelllaw.com

*Class Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT WEST VIRGINIA

CRYSTAL GOOD, *et al.*

Plaintiffs,

v.

AMERICAN WATER WORKS
COMPANY, INC.,
a Delaware corporation, *et al.*

Defendants.

Civil Action No. 2:14-CV-01374
HON. JOHN T. COPENHAVER

CONSOLIDATED CLASS
ACTION

This Motion Also Relates to:
Civil Action No. 2:14-CV-13164
Civil Action No. 2:14-CV-11011
Civil Action No. 2:14-CV-13454
Civil Action No. 2:14-CV-11009

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiffs here by certifies that on April 6, 2016, the foregoing "*Motion and Memorandum in Support of Partial Class Action Settlement* " was served on all counsel of record through the CM/ECF system which will send notification of the filing to all counsel of record.

/s/ *Kevin W. Thompson*
Kevin W. Thompson, Esquire (WVSB# 5062)
Thompson Barney
2030 Kanawha Boulevard, East
Charleston, West Virginia  25311
Telephone: (304) 343-4401
Facsimile: (304) 343-4405
kwthompsonwv@gmail.com