```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                     AT CHARLESTON
```

CRYSTAL GOOD, individually and as
parent and next friend of minor children
M.T.S., N.T.K. and A.M.S. and
MELISSA JOHNSON, individually and as parent of her unborn
child, MARY LACY and JOAN GREEN and JAMILA AISHA OLIVER,
WENDY RENEE RUIZ and KIMBERLY OGIER and ROY J. McNEAL and
GEORGIA HAMRA and MADDIE FIELDS and BRENDA BAISDEN, d/b/a
FRIENDLY FACES DAYCARE, and ALADDIN RESTAURANT, INC., and
R. G. GUNNOE FARMS LLC, and DUNBAR PLAZA, INC.,
d/b/a DUNBAR PLAZA HOTEL, on behalf of themselves
and all others similarly situated,

      Plaintiffs,

v.                                   Civil Action No.: 2:14-01374

AMERICAN WATER WORKS COMPANY, INC., and
AMERICAN WATER WORKS SERVICE COMPANY, INC.,
and EASTMAN CHEMICAL COMPANY, and
WEST VIRGINIA-AMERICAN WATER COMPANY,
d/b/a WEST VIRGINIA AMERICAN WATER, and
GARY SOUTHERN and DENNIS P. FARRELL,

      Defendants.

<u>ORDER</u>

Pending are a number of motions to seal materials submitted in support of the parties' motions for summary judgment and motions relating to the admissibility of expert testimony. These motions are:

1. Motion by All Plaintiffs to Seal Class Members' Motion to Exclude Certain of the Opinions and Testimony of Stephen Hubbs, P.E. (ECF No. 728).

2. Motion by All Plaintiffs to Seal Exhibit A to the Motion to Strike and Exclude Expert Reports Dated May 22,

    2015 and February 22, 2016, Opinion and Testimony of Michele R. Sullivan, Ph.D. (ECF No. 741) and accompanying memodorandum of law (ECF No. 745) (Exhibit A has been filed provisionally under seal as ECF No. 747).

3. Motion by American Water Works Company, Inc., American Water Works Service Company, Inc., West Virginia-American Water Company to Seal Relating to Defendants' Motion to Exclude Expert Testimony (ECF No. 768) and accompanying memorandum of law (ECF No. 769).

4. Motion by All Plaintiffs to Seal Class Members' Motion for Summary Judgment on Breach of Contract Claims Against West Virginia-American Water Company (ECF No. 737). On May 26, 2016, plaintiffs filed a Notice of Withdrawal (ECF No. 795) withdrawing their motion to seal this summary judgment motion. That notice states that after conferring with Defendants, plaintiffs "have agreed to re-file their motion, memorandum and exhibits subject to certain redactions insisted upon by the Defendant." It is not apparent at this juncture whether the parties seek to seal portions of those documents.

5. Motion by All Plaintiffs to Seal Class Members' Motion in Limine to Draw Adverse Inference Against West Virginia-American Water Due to Spoliation of Evidence (ECF No. 743). On May 16, 2016, plaintiffs filed a Notice of Withdrawal (ECF No. 786) withdrawing their motion to seal as well as the subject motion in limine itself.

In several instances, these motions to seal and accompanying memoranda have themselves been filed under seal. As an initial matter, pursuant to the above-referenced Notices of Withdrawal, the court ORDERS that the motions to seal docketed at ECF No. 737 and 743 be, and they hereby are, deemed withdrawn. The clerk is directed to terminate those motions from the court's docket.

The right of public access to court documents derives

from two separate sources: the common law and the First Amendment.  The common law right affords presumptive access to all judicial records and documents.  <u>Nixon v. Warner Comms., Inc.</u>, 435 U.S. 589, 597 (1978); <u>Stone v. University of Md. Medical Sys. Corp.</u>, 855 F.2d 178, 180 (4th Cir. 1988).  In its order entered March 30, 2016 (ECF No. 677), the court previously addressed the factors that determine whether materials constitute "judicial records" such that the common law right of public access will attach.

On May 13, 2016, the court received a letter from Ken Ward, Jr. of the <u>Charleston Gazette-Mail</u>, informing the court that the parties' practice of filing motions to seal and accompanying memoranda under seal prevents the public from meaningfully assessing the propriety of the proposed sealings.  The court agrees and notes that, though the ECF/CM system allows for the filing of motions to seal under seal, this practice, when applied routinely, is inappropriate in the instant case due to the clear public interest in many of the underlying documents.  To ensure that public access is curtailed as little as possible pending adjudication of the motions to seal, the court ORDERS as follows:

1.   To the extent not yet accomplished, the parties are directed to withdraw the above-referenced motions to

seal and to file, within seven days of the entry of this order, unsealed versions of those motions and accompanying memoranda.  Any motion to seal shall (a) describe each document tendered for sealing, (b) set forth in detail the justification for sealing those documents, and (c) state the less drastic alternatives that were considered by the proponent prior to seeking sealing.  If necessary, the movant may redact limited portions of the motion to seal and, contemporaneously with filing, provide an unredacted copy for the court's review.

2. Unless absolutely impracticable, each motion to seal shall be accompanied by redacted copies of all documents, including motions and memoranda, proposed to be lodged under seal, to facilitate public access pending resolution of the motions to seal.  If motions to seal are premised on confidentiality designations made by a party other than the movant, the movant shall confer with the party claiming confidentiality to determine an agreeable approach to redacting the relevant documents.

3. All future motions to seal in this case shall be filed publicly, with limited redaction as described above.  Any such motions to seal shall be accompanied by

4

redacted versions of the documents proposed to be lodged under seal. The parties shall confer prior to the filing of such motions to seal to agree upon an approach to redacting those documents.

4. Any interested party or entity having an objection to a motion to seal shall so inform the court of the nature and grounds for that objection.

The Clerk is directed to forward copies of this order to counsel of record and any unrepresented parties.

DATED: June 1, 2016

John T. Copenhaver, Jr.
United States District Judge