UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **CRYSTAL GOOD, et al.,** | Civil Action No. 2:14-cv-01374 |
| Plaintiffs, | Hon. John T. Copenhaver |
| v. | Consolidated with: |
| **AMERICAN WATER WORKS COMPANY, INC.,** et al., | Civil Action No. 2:14-cv-13164<br>Civil Action No. 2:14-cv-11011<br>Civil Action No. 2:14-cv-13454 |
| Defendants. | |

## DEFENDANT GARY SOUTHERN'S MOTION
## FOR FINAL APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT

Now comes Defendant Gary Southern, by his undersigned counsel, and respectfully moves the Court for final approval of the settlement reached between Mr. Southern and the Plaintiffs prior to the scheduled trial date of October 25, 2016. In support of this Motion, Mr. Southern states as follows:

1. A settlement was reached between Mr. Southern and the Plaintiffs over a year ago and a Settlement Agreement and Release was fully executed on June 4, 2015.

2. On December 9, 2015, the Plaintiffs filed a Motion for Preliminary Approval of Partial Settlement of Class Action [Doc. 506].[1] On December 16, 2015, the Court entered an Order preliminarily approving the settlements. Order Preliminarily Approving Settlement and Form of Order on Class Certification [Doc. 514]. The Order provided in part:

---

[1] The Motion related not only to Mr. Southern's settlement but also the Plaintiffs' settlement with Mr. Farrell, the other individual defendant.

> The Court finds that the settlement with the two individual defendants warrants notification to the Class as it appears fair and reasonable at this juncture. Pending further review and the opportunity for class members to receive notice of same, a final approval hearing on the settlement shall be conducted on April 8, 2016 at 1:30 p.m. Objections, if any, to the proposed settlement will be heard at that time and must be filed with the Clerk of this Court by February 12, 2016.

3. The Order further provided that notice of the settlement and the certification of the action to proceed on a class basis be given to class members. That notice was provided.

4. On April 6, 2016, the Plaintiffs filed a Motion and Memorandum for Final Approval of Partial Class Action Settlement [Doc. 685] and on April 8, 2016, the parties appeared for the final hearing on the proposed settlement.

5. At that hearing, the Court noted that it had received from potential Class members only two objections to the proposed settlements. Neither individual filing an objection was present at the hearing. There was no objection to the settlement from the water company defendants or Eastman Chemical.

6. Also at the final approval hearing, and in addition to inquiring as to Mr. Farrell's financial position, the Court inquired as to other cases that had been filed against the individual defendants and suggested that the defendants' counsel undertake to see whether any other claims against the individual defendants could be settled.

7. Accordingly, the undersigned engaged in discussions with Plaintiff's counsel in the only other case pending in federal court, *West Virginia Hospitality and Travel Association, Inc. v. American Water Works Company, Inc., et al.*, Case No. 2:16-cv-184. It is now clear that a settlement will not be reached in that case, at least prior to the trial date in this action. The Plaintiff has demanded an exorbitant and non-

negotiable sum of money from Mr. Southern and has done so without providing any back-up documentation from accountants and only one affidavit from a business averring CERCLA response costs of approximately $3,576. The amount of the Plaintiff's demand is apparently based on a speculative rehabilitative advertising claim. Mr. Southern has the right, as do the other defendants if they wish, to engage in discovery on these claims. In addition, there are legal issues to be addressed, including whether the West Virginia Hospitality and Travel Association has standing to bring certain claims. To pay the non-negotiable sum demanded at this juncture would be irresponsible and for any attorney to recommend such a settlement without the benefit of any supporting documents justifying the settlement would be malpractice.

8. The other case in which Mr. Southern (and Mr. Farrell) are defendants is the *City of Charleston v. West Virginia American Water Company, et al.,* Civil Action No. 16-C-32 remanded by this Court in June, 2016, and currently pending before the Mass Litigation Panel. Although the case was filed on January 8, 2016, neither Mr. Southern nor Mr. Farrell has been served and the time for doing so has long passed.

9. Thus, although Mr. Southern attempted to resolve the other claims filed against him as the Court requested, he is unable to do so at this point.

10. As the Court is aware, there has been extensive fact and expert discovery and motions practice over the past year. After the proposed settlement between Mr. Southern and the Plaintiffs was reached in June of 2015, and the Order preliminarily approving the settlement was entered, Mr. Southern's counsel no longer participated in either discovery or motions practice and have done nothing to prepare for trial.

11. Now, however, unless the settlement is approved prior to the trial of this matter, Mr. Southern risks great exposure for claims he thought were resolved by his payment of $650,000 and his release of claims he had under an AIG insurance policy. Specifically, the consideration that Mr. Southern gave included a complicated three-part process: He agreed to pay $350,000 into the Registry of this Court for the benefit of the Class members in this case and he paid $300,000 directly into the Freedom Bankruptcy Estate as part of the cleanup efforts. The third prong of the consideration was Mr. Southern's release of his claim for indemnity and defense coverage under the AIG insurance policy that covered Freedom and its officers. The proceeds of that policy resulted in $3.3 million insurance coverage that allowed the spill site to be cleaned up which satisfied Plaintiff's claims for injunctive relief in the First Amended Complaint. As Plaintiff's counsel stated during the April 8, 2016 final approval hearing:

> The most important issue for this Class would have been to have a cleanup, to have a safe water system. . . . [T]he total recovery for Mr. Southern would have been $650,000. But then that is enhanced by the fact that if Mr. Southern hadn't settled, we wouldn't have had the benefit of the $3.3 million, and we may not have had the benefit of the extra moneys from the Chemstream Clifford Forrest group. . . . and pushing the case forward against Mr. Southern would have denied the restructuring officer in the Freedom estate the ability to clean up the site without taxpayer assistance. April 8, 2016 Transcript at 28-29.

12. The value and meaningfulness of Mr. Southern's settlement has been recognized by the Class members and Class Counsel. To require Mr. Southern to go to trial on October 25, 2016 under these circumstances would be fundamentally unfair.

13. For these and all of the reasons previously stated on the record at the final approval hearing on April 8, 2016, Defendant Gary Southern respectfully moves the Court to grant final approval of the settlement he has reached with the Class members.

Respectfully submitted,

GARY SOUTHERN,

Defendant,

By Counsel:

/s/ Pamela C. Deem
Robert B. Allen (WVSB # 110)
Pamela C. Deem (WVSB # 976)
Kay Casto & Chaney PLLC
P.O. Box 2031
Charleston, WV 25327
(304) 345-8900
rallen@kaycasto.com
pdeem@kaycasto.com

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **CRYSTAL GOOD, et al.,**<br><br>    Plaintiffs,<br><br>v.<br><br>**AMERICAN WATER WORKS COMPANY, INC., et al.,**<br><br>    Defendants. | **Civil Action No. 2:14-cv-01374**<br>**Hon. John T. Copenhaver**<br><br>**Consolidated with:**<br><br>**Civil Action No. 2:14-cv-13164**<br>**Civil Action No. 2:14-cv-11011**<br>**Civil Action No. 2:14-cv-13454** |

## CERTIFICATE OF SERVICE

I, PAMELA C. DEEM, counsel for Defendant Gary Southern, hereby certify that on the 20th day of September, 2016, I electronically filed the foregoing "Defendant Gary Southern's Motion for Final Approval of Partial Class Action Settlement" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/Pamela C. Deem
Pamela C. Deem (WVSB # 976)
Kay Casto & Chaney PLLC
P.O. Box 2031
Charleston, WV 25327
(304) 345-8900
pdeem@kaycasto.com