```
        UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

CRYSTAL GOOD, individually and as
parent and next friend of minor children
M.T.S., N.T.K. and A.M.S. and
MELISSA JOHNSON, individually and as parent of her unborn
child, MARY LACY and JOAN GREEN and JAMILA AISHA OLIVER,
WENDY RENEE RUIZ and KIMBERLY OGIER and ROY J. McNEAL and
GEORGIA HAMRA and MADDIE FIELDS and BRENDA BAISDEN, d/b/a FRIENDLY
FACES DAYCARE, and ALADDIN RESTAURANT, INC., and
R. G. GUNNOE FARMS LLC, and DUNBAR PLAZA, INC.,
d/b/a DUNBAR PLAZA HOTEL, on behalf of themselves
and all others similarly situated,

       Plaintiffs,

v.                                    Civil Action No.: 2:14-01374

AMERICAN WATER WORKS COMPANY, INC., and
AMERICAN WATER WORKS SERVICE COMPANY, INC.,
and EASTMAN CHEMICAL COMPANY, and
WEST VIRGINIA-AMERICAN WATER COMPANY,
d/b/a WEST VIRGINIA AMERICAN WATER, and
GARY SOUTHERN and DENNIS P. FARRELL,

       Defendants.

<u>ORDER</u>

       Pending are the following motions:

1. Motion by Eastman Chemical Company to Exclude Plaintiffs' Expert Scott Simonton, Ph.D, filed on May 10, 2016 (ECF No. 721);

2. Motion by Eastman Chemical Company to Exclude the Expert Testimony of Jack Spadaro, filed on May 10, 2016 (ECF No. 746);

3.  Motion by All Plaintiffs to Exclude the Opinions and Testimony of Defendants' Expert Dennis J. Paustenbach, filed on May 10, 2016 (ECF No. 749);

4.  Motion by Eastman Chemical Company to Exclude the Opinions and Testimony of Stephen King, Ph.D., M.P.H., filed on May 11, 2016 (ECF No. 758); and

5.  Motion by Eastman Chemical Company to Exclude the Opinions and Testimony of Robert M. Sussman, filed on May 11, 2016 (ECF No. 770).

Each of the experts referenced in the above-named motions has offered testimony and expert opinions relating to defendant Eastman Chemical Company's compliance with the Toxic Substances Control Act ("TSCA"), 15 U.S.C. §§ 2601-2695d. By order entered October 12, 2016, the court ruled that plaintiffs lack standing to bring their claims based on the alleged violations of TSCA.

The opinions of Sussman and Spadaro relate only to compliance with TSCA and will not be relevant to the upcoming trial on class-wide liability issues or helpful to the jury. <u>See</u> Fed. R. Evid. 402, 702. The court will grant the motions to exclude these two experts in their entirety.

The expert opinions of Dr. Simonton assert that Eastman's Pre-Manufacturing Notice of Crude MCHM was insufficient under the standards of the TSCA, and that Eastman failed to identify hazards of Crude MCHM in its Material Safety Data Sheet ("MSDS") as required by Occupational Safety and Health Administration ("OSHA") requirements.  To the extent they address failure to adhere to TSCA requirements, Dr. Simonton's opinions lack relevance and will be excluded.  Dr. Simonton's opinions regarding the MSDS, however, are sufficiently reliable and relevant as to be admissible.  Though Eastman argues that Dr. Simonton's opinion is irrelevant because Freedom Tank 396 contained Shurflot 444, rather than Crude MCHM, Eastman fails to establish that the chemical properties of Shurflot 444 were so different from Crude MCHM as to render Dr. Simonton's opinions irrelevant.

As to experts Paustenbach and Dr. King, the court will exclude their testimony as it relates to Eastman's compliance with TSCA because such compliance is not relevant to plaintiffs' remaining claims.  However, to the extent their expert opinions on the toxicological studies of Crude MCHM are relevant to the issue of Eastman's negligence and the standard of reasonable care applicable to the sale of Crude MCHM, that testimony will not be excluded.

Accordingly, it is ORDERED that the motions to exclude the expert opinions and testimony of Jack Spadaro and Robert M. Sussman be, and they hereby are, granted. It is further ordered that the motions to exclude the expert opinions and testimony of Dr. Simonton, Dennis J. Paustenbach, and Dr. King be, and they hereby are, granted in part and denied in part to the extent described herein.

The clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: October 13, 2016

John T. Copenhaver, Jr.
United States District Judge