UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CRYSTAL GOOD, individually and as
parent and next friend of minor children
M.T.S., N.T.K. and A.M.S. and
MELISSA JOHNSON, individually and as parent of her unborn
child, MARY LACY and JOAN GREEN and JAMILA AISHA OLIVER,
WENDY RENEE RUIZ and KIMBERLY OGIER and ROY J. McNEAL and
GEORGIA HAMRA and MADDIE FIELDS and BRENDA BAISDEN, d/b/a FRIENDLY
FACES DAYCARE, and ALADDIN RESTAURANT, INC., and
R. G. GUNNOE FARMS LLC, and DUNBAR PLAZA, INC.,
d/b/a DUNBAR PLAZA HOTEL, on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.                                    Civil Action No.: 2:14-01374

AMERICAN WATER WORKS COMPANY, INC., and
AMERICAN WATER WORKS SERVICE COMPANY, INC.,
and EASTMAN CHEMICAL COMPANY, and
WEST VIRGINIA-AMERICAN WATER COMPANY,
d/b/a WEST VIRGINIA AMERICAN WATER, and
GARY SOUTHERN and DENNIS P. FARRELL,

        Defendants.

ORDER


        Defendants West Virginia-American Water Company ("WV

American"), American Water Works Service Company, Inc., and now-

dismissed American Water Works Company, Inc., moved on May 10,

2016, to exclude two aspects of the testimony of Kate Novick, whom

plaintiffs have proffered as an expert.


        Defendants argue that Novick's testimony should be

excluded with respect to the American Water Works Association

emergency preparedness standard known as "G440" because it is a

guideline rather than a mandated industry standard.  They also argue that Novick's testimony regarding WV American's 2003 responses to the vulnerability assessment required under the Bioterrorism Act of 2002 should be excluded.

Relevance and reliability are the touchstones of the Rule 702 expert opinion analysis.  _See Daubert v. Merrell Dow Pharm., Inc._, 509 U.S. 579 (1993).  Both the emergency preparedness standards and the vulnerability assessment are relevant to plaintiffs' allegations of negligence on the part of defendants; the disagreement revolves around reliability.  "[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable."  _Kumho Tire Co. v. Carmichael_, 526 U.S. 137, 152 (1999).  With respect to the G440 guidelines, Novick's testimony is based on her water industry experience with numerous companies.  Furthermore, the fact that a guideline is not mandated by rule or statute does not bear on its status as a standard of care; indeed, by definition, none of the common law standards of care are so mandated.  Industry standards can and do arise from common, voluntary practice, and Novick's testimony opines on the relevant standards based on her experience with practitioners.  Cross-examination affords defendants a sufficient opportunity to challenge Novick's support and rationale for her

opinion.  See United States v. Moreland, 437 F.3d 424, 431 (4th Cir. 2006) ("As with all other admissible evidence, expert testimony is subject to testing by [v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."), overruling on other grounds recognized by United States v. Diosdado-Star, 630 F.3d 359 (4th Cir. 2011). Novick's testimony with respect to the water industry's emergency preparedness standard of care is therefore admissible.

Defendants challenge Novick's testimony regarding WV American's 2003 vulnerability assessment because, they claim, Novick's opinion is speculation about WV American's state of mind when completing the assessment.  Of course, speculation about a party's intent does not lie within the compass of admissible expert testimony.  See, e.g., In re Rezulin Prod. Liab. Litig., 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004) ("Inferences about the intent or motive of parties or others lie outside the bounds of expert testimony.").  Yet, defendants' argument conflates meaning with intention: Novick does interpret the meaning of the written vulnerability assessment where it could be ambiguous, but she does not offer opinions about the subjective intentions of WV American. Insofar as Novick at any point does opine on the subjective intent of those involved in the vulnerability assessment, her opinion of course must be excluded.  Defendants, however, have not provided

evidence that Novick has offered testimony about subjective intentions, and Novick's opinion regarding the assessment cannot be excluded on that basis.

Consequently, it is hereby ORDERED that defendants' motion to exclude aspects of Kate Novick's expert testimony be, and it hereby is, denied.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: October 13, 2016

John T. Copenhaver, Jr.
United States District Judge