```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

CRYSTAL GOOD, individually and as
parent and next friend of minor children
M.T.S., N.T.K. and A.M.S. and
MELISSA JOHNSON, individually and as parent of her unborn
child, MARY LACY and JOAN GREEN and JAMILA AISHA OLIVER,
WENDY RENEE RUIZ and KIMBERLY OGIER and ROY J. McNEAL and
GEORGIA HAMRA and MADDIE FIELDS and BRENDA BAISDEN, d/b/a FRIENDLY
FACES DAYCARE, and ALADDIN RESTAURANT, INC., and
R. G. GUNNOE FARMS LLC, and DUNBAR PLAZA, INC.,
d/b/a DUNBAR PLAZA HOTEL, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.                                      Civil Action No.: 2:14-01374

AMERICAN WATER WORKS COMPANY, INC., and
AMERICAN WATER WORKS SERVICE COMPANY, INC.,
and EASTMAN CHEMICAL COMPANY, and
WEST VIRGINIA-AMERICAN WATER COMPANY,
d/b/a WEST VIRGINIA AMERICAN WATER, and
GARY SOUTHERN and DENNIS P. FARRELL,

    Defendants.

## ORDER

Plaintiffs moved on May 10, 2016 to exclude the testimony of George Kunkel, whom West Virginia-American Water Company ("WV American") has proffered as an expert.

Kunkel's testimony pertains to the water loss management practices of WV American, and as such is relevant to questions regarding WV American's ability to meet water demand in the days shortly after the spill. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 591 (1993) (discussing importance of relevance in

evaluating expert testimony). When assessing the admissibility of expert testimony, a "court need not determine that [] proffered expert testimony is irrefutable or certainly correct. . . . As with all other admissible evidence, expert testimony is subject to testing by [v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." United States v. Moreland, 437 F.3d 424, 431 (4th Cir. 2006) (citations and quotation marks omitted), overruling on other grounds recognized by United States v. Diosdado-Star, 630 F.3d 359 (4th Cir. 2011). See also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999) ("[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable.").

Plaintiffs argue that Kunkel's testimony should be excluded because it was "hastily formed" and based on unreliable evidence. WV American disputes that Kunkel's opinions were hastily formed, and despite plaintiffs' claim that Kunkel has admitted to this problem, no such admission appears in the record. With respect to reliability, cross-examination is the instrument of choice for calling into question particular pieces of evidence and weighing all relevant pieces of evidence. Particular items of evidence that Kunkel used in reaching his conclusions can be vetted at trial. Kunkel's testimony is cognizant of the

2

possibility of error in certain items of evidence but is not distorted by it, and Kunkel addresses a variety of evidence in order to hedge against errors on any one item. There are sufficient indicia of reliability for the court to be satisfied that Kunkel's opinions are admissible.

Consequently, it is hereby ORDERED that plaintiffs' motion to exclude George Kunkel's expert testimony be, and it hereby is, denied.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: October 13, 2016

John T. Copenhaver, Jr.
United States District Judge