```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

CRYSTAL GOOD, individually and as
parent and next friend of minor children
M.T.S., N.T.K. and A.M.S. and
MELISSA JOHNSON, individually and as parent of her unborn
child, MARY LACY and JOAN GREEN and JAMILA AISHA OLIVER,
WENDY RENEE RUIZ and KIMBERLY OGIER and ROY J. McNEAL and
GEORGIA HAMRA and MADDIE FIELDS and BRENDA BAISDEN, d/b/a
FRIENDLY FACES DAYCARE, and ALADDIN RESTAURANT, INC., and
R. G. GUNNOE FARMS LLC, and DUNBAR PLAZA, INC.,
d/b/a DUNBAR PLAZA HOTEL, on behalf of themselves
and all others similarly situated,

       Plaintiffs,

v.                                      Civil Action No.: 2:14-01374

WEST VIRGINIA-AMERICAN WATER COMPANY,
d/b/a WEST VIRGINIA AMERICAN WATER,
and EASTMAN CHEMICAL COMPANY, and
GARY SOUTHERN and DENNIS P. FARRELL,

       Defendants.


<u>MEMORANDUM OPINION & ORDER</u>


       Pending is a motion to enjoin class counsel from contacting certain parties who have opted out of this class action ("opt outs"), filed April 15, 2016 (ECF No. 695). The motion was joined by additional movants on April 20, 2016 (ECF No. 704). The court held a preliminary, non-evidentiary hearing regarding the communications by class counsel which are the subject of the motion on April 21, 2016. Class counsel

responded to the motion on April 27, 2016 (ECF No. 711).[1] A joint reply by all movants was filed on May 4, 2016 (ECF No 718).

## Background

On or about March 25, 2016, class counsel mailed a letter to 6,039 businesses requesting information about the damages incurred by those businesses due to the water contamination at issue in this action. (Pls.' Ex. A, ECF No. 711-1 at 2). The letter informed recipients that they were members of the class certified by this court, that class counsel represented their interests, and instructed them to return a form to class counsel with the requested information on damages. (Movant's Ex. A, ECF No. 695-1). Class counsel also engaged a contractor, Phillip G. Vanater ("Vanater"), to assist in gathering information on damages from class member businesses.

The movants assert in the motion that class counsel's attempts to collect damages information were improper, and in particular that in the course of making these communications, class counsel contacted opt outs, many of whom are represented

---

[1] Counsel for defendants were present at the motion hearing, but defendants have declined to take a formal position regarding the motion.

by other counsel.  Movants seek an injunction restraining class counsel from contacting, without the court's approval, three groups of individuals or businesses:

  a. Opt outs and/or persons not a part of this class action;
  b. Those persons or businesses which are represented by other attorneys; [and]
  c. Those person[s] who have not been properly noticed[.]

(ECF No. 695 at 3).

Most of the movants are individuals or businesses that, notwithstanding their status as opt outs, received the letter from class counsel described above.  The motion identifies six such recipients: L & G Foods, Inc.; 200 Capitol Street, LLC; Sahenna Hospitality, LLC; Mound Cleaners, Inc.; Drs. Allen, Krajekian & Brock, Inc. d/b/a Mountain State Oral & Maxillofacial Surgeons; and Robert V. Berthold, Jr.  In addition, movant Chuck Hudson claims that even though he opted out and is represented by other counsel, he was visited by Vanater and urged to provide information to class counsel. Finally, several of the movants challenge the communications made by class counsel based on their pending objections to the adequacy of the notice issued in this action.

In their response, plaintiffs do not dispute that some

3

of the movants are opt outs who should not have been contacted as part of their data collection efforts. However, plaintiffs assert that those movants were included in the mailing at issue inadvertently, due primarily to errors in matching the list of opt outs with the list of class member addresses used by class counsel, which was produced by the water company defendants. Plaintiffs also admit that Vanater visited movant Hudson, but dispute that he made this contact knowing Hudson had opted out or that he attempted to solicit Hudson to join the class. Class counsel takes the position that because good faith efforts are already being made to avoid further contact with opt outs, an injunction is unnecessary. They have submitted a proposed corrective letter to be sent to the six opt outs that received the initial letter regarding damages. (Pls.' Ex. C, ECF No. 711-3).

In their joint reply, movants contend that more extensive relief is justified, primarily due to their pending challenge to the class notice. Movants argue that while their challenge to the notice is pending, class counsel is not entitled to send letters to unnamed class members stating that class counsel represents the class. Because they view the notice sent to class members as insufficient, movants claims

that "the effect of the class certification remains in limbo until notice is perfected." (ECF No. 718 at 5).

### Legal Standards

The district court has broad authority under Federal Rule of Civil Procedure 23 to manage the conduct of class actions certified thereunder. <u>See</u> Fed. R. Civ. P. 23(d). In particular, "a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." <u>Gulf Oil Co. v. Bernard</u>, 452 U.S. 89, 100 (1981). However, "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." <u>Id.</u> at 101. Such orders need not meet the requirements for formal injunctions under Federal Rule of Civil Procedure 65. Rather, these orders serve as "directives to counsel in their capacity as officers of the court, pursuant to the court's inherent power to manage its cases." <u>Kleiner v. First National Bank of Atlanta</u>, 751 F.2d 1193, 1201 (11th Cir. 1985) (citing Fed. R. Civ. P. 23(d)).

Following certification of a class action, "an

5

attorney-client relationship arises between all members of the class and class counsel." Fulco v. Continental Cablevision, Inc., 789 F. Supp. 45, 47 (D. Mass. 1992) (quoting Bower v. Bunker Hill Company, 689 F. Supp. 1032, 1033 (E.D. Wash. 1985)). In Gulf Oil, the Supreme Court recognized that class counsel may need to obtain information from class members in order to represent their interests, and that orders limiting such communications "should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." 452 U.S. at 102.

## Discussion

As an initial matter, the court declines to accept movants' suggestion that due to the then pending motion challenging the adequacy of notice, class counsel should not have proceeded with their efforts to gather information from the class. Movants have cited no authority suggesting that the mere existence of an objection to a notice precludes class counsel from communicating with absent class members. As discussed above, class counsel enjoy an attorney-client relationship with members of the class following certification and the opt-out period. The movants' objections to the adequacy of notice have been addressed separately. For future purposes, there is

nothing improper in class counsel's attempts to collect information regarding damages suffered by class members. While the court's class certification does not include a class-wide determination of damages, the nature and extent of damages is clearly central to attempts at mediation and will likely be the subject of further proceedings before this court.

While class counsel's communications with class members are themselves unproblematic, their inclusion of certain opt outs in that communication was unquestionably improper. However, based on a review of the materials submitted as well as counsels' statements at the hearing held on this matter, the court concludes that these improper communications were made unintentionally and in spite of class counsel's good faith efforts to exclude opt outs from the address list used. Some of the movants were contacted because they opted out under a different name than was listed on the addresses provided to class counsel by the water company. Movants argue that class counsel should have taken affirmative steps such as cross-referencing business names with the Secretary of State to determine whether businesses are affiliated. Those measures would appear overly burdensome in light of the circumstances. The fact that only a handful of opt outs received the communications at issue shows that class counsel's efforts to

remove opt outs from their mailing list were very largely successful.

Due to the limited scope of the communications with opt outs, a corrective notice at this time would accomplish little. Movants' counsel are well apprised of the progress of this action and are now aware of the circumstances which caused class counsel to contact certain of their clients. A further letter from class counsel explaining those circumstances would be a mere formality, as the only opt outs to whom such a corrective communication would be addressed are the movants themselves.

Similarly, the issue involving class counsel's contractor, Vanater, does not justify injunctive relief. In his affidavit, Vanater states that he "made a mistake by not verifying the Bammy's store on [his] list of class members before visiting them." (Vanater Aff., ECF No. 711-2 at 3). Vanater denies that he tried to convince movant Hudson to change lawyers, and states that once he realized his mistake, he tried to contact Mr. Hudson to apologize for the initial contact. <u>Id.</u> Even assuming that Vanater did make the improper comments about switching counsel attributed to him by movant Hudson, there is no indication that this was not an isolated incident or that Vanater's statement that he appreciates the significance of

avoiding contact with opt outs is insincere. As a result, the court does not find further action with respect to this incident necessary.

## Conclusion

The court, for the reasons stated, concludes that the relief sought by movants in the form of an injunction or court-ordered corrective communication is unwarranted. The minimally few inappropriate contacts that were made appear to have resulted from inadvertence. Since the filing of the motion, the court has not received any similar complaints.

Accordingly, the court ORDERS that the motion to enjoin class counsel from contacting opt outs be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to counsel of record and any unrepresented parties.

DATED: October 26, 2016

John T. Copenhaver, Jr.
United States District Judge