```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT CHARLESTON


CRYSTAL GOOD, et al.,

        Plaintiffs,

v.                                    Civil Action No.: 2:14-01374

WEST VIRGINIA-AMERICAN WATER COMPANY,
d/b/a WEST VIRGINIA AMERICAN WATER,
and EASTMAN CHEMICAL COMPANY,

        Defendants.
```

## MEMORANDUM ORDER AND OPINION

Pending before the court is plaintiffs' motion for leave to file under seal limited segments of plaintiffs' memorandum in opposition to the motion to exclude the testimony of plaintiffs' expert Wayne F. Lorenz, P.E. and Supporting Exhibit 1 (ECF No. 880), filed June 10, 2016.

## Background

Plaintiffs offered Lorenz as an expert regarding water treatment plant operation and storage. On May 11, 2016, defendants West Virginia-American Water Company, American Water Works Service Company, and American Water Works Company ("water company" defendants) filed their motion to exclude the proposed testimony of Wayne F. Lorenz, P.E. The water companies sought to exclude portions of Lorenz's testimony which 1) relied on

allegedly inadmissible evidence; 2) concerned the financial decisions of the water company and regulatory oversight; 3) concerned West Virginia-American Water's vulnerability assessment; and 4) commented on health effects occurring after the contamination. Plaintiffs filed their memorandum in opposition to the motion to exclude (ECF No. 816) on June 3, 2016. The memorandum contains several brief redacted references to a 2003 vulnerability assessment conducted by West Virginia-American Water. Plaintiffs also cite "Exhibit 1," a selection of excerpts from the March 9, 2016 deposition of Kendall Mitzner. Mitzner authored a portion of the vulnerability assessment. The selected deposition testimony contains three redacted lines. Plaintiffs cite to a portion of Exhibit 1 concerning Mitzner's background and qualifications to argue that Lorenz is equally qualified to testify regarding the vulnerability assessment. The pending motion seeks to seal the redactions in the memorandum and Exhibit 1. The parties indicate that disclosure of the content of the vulnerability assessment may expose West Virginia-American Water's internal procedures for responding to contamination events, or expose some vulnerability to attack.

By order entered October 19, 2016, the court granted the water companies' motion to exclude the testimony of Lorenz to the extent that Lorenz would not be allowed to testify concerning the motives of West Virginia-American Water or the health effects of

the spill. The motion was otherwise denied. The court concluded that Lorenz's testimony regarding the 2003 vulnerability assessment was offered for the purpose of rebutting testimony from a water company expert, and not for the purpose of establishing whether West Virginia-American Water complied with anti-terrorism laws.

## Standard

At the outset, the court notes that "[p]ublicity of [court] ... records ... is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus–Am. Discovery Grp. v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000). The right of public access to court documents derives from two separate sources: the common law and the First Amendment. The common law right affords presumptive access to all judicial records and documents. Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access. Nixon, 435 U.S. at 598–99; In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir.1984). Quoting Knight, the Fourth Circuit Court of Appeals has observed:

> Some of the factors to be weighed in the common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."

Va. Dept. of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir. 2004) (quoting Knight, 743 F.2d at 235).

The First Amendment right of access has a more limited scope than the common law right, having only "been extended ... to particular judicial records and documents." Stone, 855 F.2d at 180. The First Amendment Right of access attaches if: (1) "the place and process have historically been open to the press and general public;" and (2) "public access plays a significant positive role in the functioning of the particular process in question." Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 8-9 (1986).

The First Amendment right of access, however, provides much greater protection to the public's right to know than the common law right. To avoid disclosure under the First Amendment right of access, the movant must show "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606-07 (1982).

## Analysis

Concerning Exhibit 1, the court notes that plaintiffs' motion cites the deposition testimony of Mitzner simply to contrast his professional background with that of the plaintiffs' expert Lorenz. The court's decision to permit, in part, the testimony of Lorenz in no way relied on or utilized the redacted provisions of Exhibit 1. The material is thus deemed not to be a part of the judicial record. Plaintiffs' motion to seal will be granted as to Exhibit 1.

Regarding redacted material discussing the 2003 vulnerability assessment, several of the redactions serve no obvious purpose or refer to information already publicly known. In particular, the memorandum redacts appearances of the terms "terrorism," "risk assessment," and references to the year 2003. The memorandum also redacts the title of the document, "2003 Vulnerability Assessment," despite the fact that the water companies' memorandum in support of the motion to exclude Lorenz refers to the document's title without redactions. The court finds these redactions overly broad, and denies the motion to seal as to these terms.

Redactions appearing on page 7 of the plaintiffs' memorandum discuss more substantively the content of the vulnerability assessment. The court finds that the disclosure of

such information risks exposing vulnerabilities in the water system and the means by which the water companies would respond to an attack on the system. The protection of the municipal water supply is, certainly, a compelling governmental interest, and relatedly, the interest in protecting the sanctity of the water supply outweighs the public's interest in access to information concerning the system's vulnerability to terrorist attack. Having reviewed the redacted material, the court is satisfied that these redactions are narrowly tailored, and will grant the seal as to the substantive content on page 7.

It is, therefore, ORDERED, that plaintiffs' motion for leave to file under seal (ECF No. 880) be, and it hereby is, granted as set forth above, and otherwise denied. Plaintiffs are ordered to file a revised memorandum on the public record containing only those redactions permitted by the court.

The Clerk is directed to forward copies of this order to counsel of record and any unrepresented parties.

ENTER: August 4, 2017

John T. Copenhaver, Jr.
United States District Judge