```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**CRYSTAL GOOD, et al.,**

    Plaintiffs,

v.                                    Civil Action No. 14-1374

                                    Consolidated with:

                                    Case No. 2:14-11011
                                    Case No. 2:14-13164
                                    Case No. 2:14-13454

**WEST VIRGINIA-AMERICAN WATER COMPANY**,
d/b/a WEST VIRGINIA AMERICAN WATER,
and AMERICAN WATER WORKS SERVICE
COMPANY, INC., and AMERICAN WATER
WORKS COMPANY, INC., and
EASTMAN CHEMICAL COMPANY and
GARY SOUTHERN and DENNIS P. FARRELL,

    Defendants.

ORDER GRANTING PRELIMINARY APPROVAL OF THE
*GOOD* CLASS SETTLEMENT, DIRECTING NOTICE TO THE CLASS,
<u>AND SCHEDULING FAIRNESS HEARING</u>

      This matter having come before the Court pursuant to a Renewed Joint Motion for Preliminary Approval of the Class Settlement, Fees, Costs and Incentive Awards, Conditional Class Certification, Directing Notice to the Class, and Entry of Scheduling Order (the "Renewed Joint Motion") dated August 25,

2017, the Court having heard the matters and being fully advised in the premises, IT IS HEREBY ORDERED AS FOLLOWS:

1. Before this Court is the proposed Amended Class Settlement Agreement, dated August 25, 2017, among Plaintiffs and Defendants West Virginia-American Water Company, American Water Works Service Company, Inc., and American Water Works Company, Inc. (collectively the "American Water Defendants") and Eastman Chemical Company (collectively, the "Defendants").[1]  The terms of the Amended Class Settlement Agreement, including all

---

[1] The Court finds that it has jurisdiction over this matter and this Settlement under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Jurisdiction is not precluded by the "local controversy" provision in 28 U.S.C. § 1332(d)(4)(A).  Section 1332(d)(4)(A)(ii) provides one of the four elements which must exist for the Court to be required to decline CAFA jurisdiction is that "in the three years before the filing of the class action complaint, no other similar class action was filed against any of the defendants on behalf of the same or other class."  After the January 9, 2014 Freedom chemical spill, multiple similar class actions were filed against WVAW in the three years before the filing of the present case.  The *Crystal Good* case was filed under the name of the then lead Plaintiff Vantap, LLC d/b/a Vandalia Grill, et al, on January 13, 2014. Prior to the filing of *Vantap LLC* or *Crystal Good*, the following cases alleging class action relief were filed on January 10, 2014, against one or more of the Defendants in this case: Civil Action No. 14-C-16 (June Gurski and John Doe Business Owner v. West Virginia American Water Company, Freedom Industries, Inc. and "John Does") was filed in the Circuit Court of Boone County, West Virginia; Civil Action No. 14-C-63 (Summer and Robert Johnson v. Freedom Industries, Inc. and West Virginia-American Water Company) was filed in the Circuit Court of Kanawha County, West Virginia; Civil Action No. 14-C-48 (Adelphia, Inc. d/b/a Adelphia Sports Bar & Grill, et al. v. Freedom Industries and West Virginia-American Water Company) was filed in the Circuit Court of Kanawha County, West Virginia; and, Civil Action No. 14-C-56 (EG&K Inc. and Rusty Carpenter v. West Virginia American Water Company and Freedom Industries, Inc. and "John Does") was filed in the Circuit Court of Kanawha County, West Virginia.  Each of those cases were similar class actions filed on behalf of the same or other classes against one or more of the Defendants in *Crystal Good*.

2

Exhibits thereto (the "Amended Settlement Agreement") attached to the Renewed Joint Motion, are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below.  This Order incorporates the Amended Settlement Agreement herein and makes it a part hereof.  Unless otherwise provided in this Order, the terms defined in the Amended Settlement Agreement shall have the same meaning in this Order.  The Amended Settlement Agreement was entered only after extensive arm's length negotiation by experienced counsel, and with revisions resulting from the Parties' consideration of additional issues identified in this Court's Memorandum Opinion and Order dated July 6, 2017 (the "July 6 Order") [Doc. 1146].  The Court finds that the Amended Settlement Agreement is sufficiently fair, reasonable and adequate such that notice of the Amended Class Settlement should be given as provided in Paragraph 9 of this Order.  In making this determination, the Court has considered the current posture of this litigation and other pending actions and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation.

    2. The Settlement Class is defined as follows:

        a. All natural persons, including adults and minors (including in utero), who resided in residential dwellings that were supplied tap water by West Virginia American's Kanawha Valley Water Treatment Plant ("KVTP") on January 9, 2014.

    b. All businesses, and non-profit and governmental entities, that operated in real property locations that were supplied tap water by the KVTP on January 9, 2014.

    c. All natural persons who were regularly employed as hourly wage earners for businesses that operated in real property locations that were supplied tap water by West Virginia American's KVTP on January 9, 2014.

    d. The Settlement Class includes all persons and entities who are Exhibit A Plaintiffs as specified at Section 5.3.2 of the Amended Settlement Agreement.

**Excluded from the Settlement Class are:**

    a. West Virginia-American Water Company and its officers, directors, and employees and any affiliates of West Virginia American and their officers, directors, and employees;

    b. Eastman and its officers, directors, and employees and any affiliates of Eastman and their officers, directors, and employees;

    c. Judicial officers assigned to this case and their immediate family members and associated court staff assigned to this case, other than court reporters;

    d. Settlement Class Counsel and attorneys who have made an appearance for the Defendants in this case;

    e. The Settlement Administrator, Notice Administrator, Guardian ad Litem, or other consultants and associated staff assigned to this case; and

    f. Persons or entities who exclude themselves from the settlement class (Opt Outs).

    3. The Court preliminarily finds that the proposed Settlement Class meets all the applicable requirements of FED.R.CIV.P. 23(a) and (b)(3), and hereby certifies the Settlement Class for settlement purposes only.  For the reasons

explained in the Court's July 6 Order, the Court preliminarily finds, in the specific context of this Class Settlement, that the following requirements for certification of the Settlement Class are met: (a) the numerosity, commonality, typicality, and adequacy of representation requirements of FED.R.CIV.P. 23(a), and (b) the predominance of common issues and superiority of the class action mechanism requirements of FED.R.CIV.P. 23(b)(3).

4. If the Amended Settlement Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Settlement Class shall be void, and Plaintiffs and the Defendants shall be deemed to have reserved all of their rights as set forth in the Amended Settlement Agreement, including but not limited to all claims, defenses, and issues under FED.R.CIV.P. 23, subject only to the fact that the Court previously certified a class action under FED.R.CIV.P. 23(c)(4) on the issue of fault and comparative fault.

5. Designated representatives for the Settlement Class are as follows: Crystal Good, Melissa Johnson, individually and as parent of her infant child, Mary Lacy, Joan Green, Summer Johnson, Wendy Renee Ruiz, Kimberly Ogier, Roy J. McNeal, Georgia Hamra, Maddie Fields, Brenda Baisden, d/b/a Friendly Faces Daycare, Aladdin Restaurant, Inc., R. G. Gunnoe Farms LLC,

5

and Dunbar Plaza, Inc., d/b/a Dunbar Plaza Hotel, on behalf of themselves and all others similarly situated. Based upon the Court's familiarity with the claims and parties in this case as stated in the July 6 Order, the interests of the various constituent groups, and the negotiation process, the Court preliminarily finds that these designated representatives are appropriate representatives for settlement purposes.

6. The Court preliminarily finds that the proposed Settlement Class Counsel fairly and adequately represent the interests of the Settlement Class pursuant to FED.R.CIV.P. 23(g) for the reasons stated in the July 6 Order. The Court hereby appoints Stuart Calwell, The Calwell Practice, LC, Van Bunch, Bonnett, Fairbourn, Friedman & Balint P.C. and Kevin Thompson, Thompson Barney, PLLC, as Lead Settlement Class Counsel. *See Good v. Am. Water Works Co.*, No. CIV.A. 2:14-01374, 2014 WL 2481821, at *4-7 (S.D.W. Va. June 3, 2014) (discussing these same lawyers' qualifications for appointment as interim class counsel). The Court notes that the Mass Litigation Panel ("MLP") has appointed Anthony J. Majestro, Powell & Majestro, PLLC, Benjamin L. Bailey, Bailey Glasser LLP, and Marvin W. Masters, The Masters Law Firm L.C., to be Lead Counsel in the consolidated proceedings before it in West Virginia state court. These lawyers participated in the negotiation of the settlement

6

and seek to be appointed as additional Settlement Class Counsel. The Court has before it these lawyers' qualifications and experience. *See* April 27, 2017 Joint Motion (Doc.1136) at Exhibits B, C, and D. Based upon that submission (and the Court's experience with MLP Lead Counsel in this case and other cases), the Court preliminarily finds that Mr. Majestro, Mr. Bailey, and Mr. Masters also meet the standards of Fed.R.Civ.P. 23(g) and that they will fairly and adequately represent the interests of the Settlement Class such that it is appropriate to appoint them as Settlement Class Counsel.

7. The Court has previously considered Plaintiffs' Motion for Award For Attorneys' Fees, Reimbursement of Costs and Incentive Awards filed on May 8, 2017 [Doc. 1140] ("May 8 Fee Petition"), and in the July 6 Order, indicated that if the Amended Settlement Agreement retained the basic structure of the original agreement that the Court would preliminarily approve an award of attorneys' fees in the amount of twenty-five percent (25%) on the guaranteed payment funds (including the Eastman Fund and the American Water Guaranteed Settlement Fund), and attorneys' fees in the amount of twenty-five (25%) of amounts paid out of the contingent fund, as presumptively fair. As the Renewed Joint Motion makes clear, the basic structure of the settlement has not changed, and the Court hereby preliminarily

7

approves attorneys' fees in the amounts listed above and for the reasons explained in the July 6 Order.  Additionally, in the July 6 Order, the Court preliminarily found that reimbursement of the reasonable expenses incurred to that date in the prosecution of this class action, and parallel litigation to the extent those efforts helped bring about the global resolution of this dispute, was appropriate.  After reviewing the analysis of administrative expenses distinguished from "litigation costs" prepared by Settlement Class Counsel and submitted with the Renewed Joint Motion, the Court preliminarily finds that reimbursement of costs and expenses as detailed in the May 8 Fee Petition [Doc. 1140] is presumptively fair and appropriate.  The Court also finds that subsequent adjustments to the total amount of expenses which may be reimbursed, based upon expenses incurred during settlement implementation, may be considered as necessary in conjunction with final approval of the settlement and a Final Fairness Hearing.

8. The Court has considered the Declarations submitted by Settlement Class Counsel explaining why the named plaintiffs are entitled to be compensated with incentive awards, and preliminarily finds it appropriate to pay incentive awards out of the common fund of $15,000.00 each to Class Representatives Crystal Good; Melissa Johnson; Mary Lacy; Joan Green; Summer

8

Johnson; Wendy Renee Ruiz; Kimberly Ogier; Roy J. McNeal; Georgia Hamra; Maddie Fields; Brenda Baisden, d/b/a Friendly Faces Daycare; Aladdin Restaurant, Inc.; R.G. Gunnoe Farms LLC; and Dunbar Plaza, Inc. d/b/a Dunbar Plaza Hotel; and $10,000.00 each to the plaintiffs named in *In re Water Contamination Litigation*, No. 16-C-6000, filed in West Virginia Circuit Court and transferred to the West Virginia Mass Litigation Panel (the "MLP Action"): Craig Cook; Ann Perrine; Joanna Gibson; Krisi Ord; Nicholas Shahoup, DDS; Scott Miller/Bar 101 LLC d/b/a Bar 101 and Ichiban; Better Foods, Inc.; and Capitol Hotels, Inc.

9. The Court has considered the Notice Program as described in the Revised Declaration of Dr. Shannon Wheatman of Kinsella Media, LLC, attached as Exhibit 7 to the Amended Settlement Agreement, the proposed forms of notice and summary notice attached as Exhibits 8-9 to the Amended Settlement Agreement, and the Simple Claim Forms attached as Exhibit 4 to the Amended Settlement Agreement, and finds that the form, content, and manner of notice proposed by the Parties and approved herein meet the requirements of Fed.R.Civ.P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional due process requirements of notice. The Court approves the Notice Program in all respects

9

(including the proposed forms of notice, summary notice, and Simple Claim Forms) and orders that notice be given in substantial conformity therewith, and additionally, reflect and document the details of the Court's preliminary approval of Plaintiffs' Renewed Motion for Award of Attorneys' Fees, Reimbursement of Costs and Incentive Awards.  The Court also approves the appointment of Kinsella Media, LLC, as the Notice Administrator based on the qualifications and experience described in Dr. Wheatman's Revised Declaration.  The Notice Program shall commence no later than 21 days after entry of this Order.  The costs of preparing, printing, publishing, mailing and otherwise disseminating the notice shall be paid as Administrative Expenses from the American Water Guaranteed Settlement Fund and the Eastman Fund in accordance with the Amended Settlement Agreement.

10.  The Court further orders West Virginia American Water to provide to the Notice Administrator such customer information as requested for use in implementing the Notice Program, including physical addresses, and available phone numbers and email addresses, all of which are to be handled by the Notice Administrator as confidential in accordance with the Court's prior protective orders, Doc. Nos. 253, 261, and 803, as directed by the provisions of the Amended Settlement Agreement.

11. The Court appoints SmithCochranHicks ("SCH") as Settlement Administrator. Responsibilities of the Settlement Administrator shall include the following: (a) establishing a post office box and toll-free phone number (to be included in the Long Form Notices and the Summary Notices (together, the "Notices" to the Class)) for purposes of communicating with Class Members; (b) establishing and maintaining a website for purposes of posting the Notices, the Amended Settlement Agreement and related documents, for communicating with the Class and for claims processing in accordance with the Amended Settlement Agreement; (c) accepting and maintaining documents sent from Class Members, including Claim Forms and other documents relating to claims administration; and (d) evaluating and administering claims for the allocation of the settlement funds among Class Members. The costs of administering the settlement shall be paid as Administrative Expenses from the funds contributed in accordance with the Amended Settlement Agreement.

12. Opt-Outs from Settlement Class. Class members who wish to be excluded (opt out) from the Settlement Class shall mail a written request for exclusion to the Settlement Administrator, so that it is postmarked no later than December 8, 2017.

13. In order to constitute a valid Opt Out, a class member must affirmatively state that the class member intends to Opt Out and to be excluded from the Settlement Class, and then personally sign the form.  Consistent with Section 8.2 of the Amended Settlement Agreement, the written request form also will contain the class member's printed name, address, telephone number, and email address (if any), and a statement regarding whether the class member intends to bring a separate claim against any of the Defendants.

14.  Valid Opt-Outs will not be bound by the Amended Settlement Agreement, or the Final Approval Order.  Within seven days of receipt, the Settlement Administrator shall promptly provide copies of each notice of exclusion to Settlement Class Counsel and Counsel for the Defendants.  Any class member who does not properly and timely mail a notice of exclusion as set forth in the Paragraphs above shall be automatically included in the Settlement Class, and shall be bound by all the terms and provisions of the Amended Settlement Agreement, the Class Settlement and the Final Approval Order, whether or not such Settlement Class Member received actual notice or shall have objected to the Class Settlement and whether or not such Settlement Class Member makes a claim upon or participates in the Class Settlement.  Any class member that previously opted

out of the class certified under FED.R.CIV.P. 23(c)(4) in this litigation will be included in the Settlement Class unless the class member follows the steps in Paragraphs 10 and 11 to exclude the class member from this Settlement.

15. Objections.  Any Settlement Class Member who has not filed a notice of exclusion in the manner set forth above may object to the Settlement.  Consistent with Section 8.3 of the Amended Settlement Agreement, any Settlement Class Member who wishes to object to any aspect of the Settlement, including without limitation any objection to Settlement Class Counsel's Renewed Motion for Award of Attorneys' Fees, Reimbursement of Costs and Incentive Awards, must file with the Court, or as the Court otherwise may by order direct, a written statement of the objection(s). The written statement of objection(s) must include a detailed statement of the Settlement Class Member's objection(s), as well as the specific reasons, if any, for each such objection, including any evidence and legal authority the Settlement Class Member wishes to bring to the Court's attention. That written statement also will contain the Settlement Class Member's printed name, address, telephone number, a statement that the Settlement Class Member has reviewed the Settlement Class definition and has not Opted Out of the Settlement Class, and any other supporting papers,

materials, or briefs the Settlement Class Member wishes the Court to consider when reviewing the objection, including information sufficient to demonstrate that the objector is otherwise a Settlement Class Member.

16. An objecting Settlement Class Member may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Class Settlement, the dismissal with prejudice of the Defendants, the entry of final judgment as to the Defendants, and/or the Renewed Motion for Approval of Attorneys' Fees and Litigation Expenses; provided, however, that no person shall be heard in opposition to the Class Settlement, dismissal and/or entry of final judgment or the Renewed Motion for Approval of Attorneys' Fees and Litigation Expenses, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless <u>filed</u> with the Court on or before December 8, 2017. Such person must also <u>file</u> with the Court a notice of such person's intention to appear on or before December 8, 2017. Settlement Class Members who object in the manner and by the dates provided herein shall be subject to the jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the dates provided herein shall

be deemed to have waived and shall forever be foreclosed from raising any such objections.

17. A hearing on final settlement approval (the "Final Fairness Hearing") will be held on January 9, 2018, at 10:00 a.m. before this Court, at the United States District Court for the Southern District of West Virginia, Robert C. Byrd United States Courthouse, 300 Virginia Street, East, Charleston, West Virginia.

18. All proceedings in this consolidated action are hereby stayed and suspended, pending this Court's ruling on the Class Settlement following the Final Fairness Hearing ("Fairness Ruling"), except such proceedings as may be necessary to implement the terms of the Amended Settlement Agreement, the Class Settlement, this Order, or as otherwise ordered by the Court. The Court takes judicial notice of the fact that the state court cases brought by Class Members against one or more Defendants currently pending before the West Virginia Mass Litigation Panel (*In re Water Contamination Litigation*, Civil Action No. 16-C-6000) are also stayed by order of the Panel.

19. Pending the Fairness Ruling, no Settlement Class Member, either directly, as a representative, or in any other capacity (other than a class member who validly and timely

15

elects to be excluded from the Settlement Class), shall commence, continue or prosecute against any Released Entity any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released upon a Final Approval Order pursuant to the Amended Settlement Agreement, and are hereby enjoined from so proceeding. Upon a Final Approval Order, all Settlement Class Members who do not file a timely notice of exclusion – without regard to whether they were members of the "fault" class certified under FED.R.CIV.P. 23(c)(4) by this Court on October 8, 2015, or opted out of that class, or were putative members of another proposed class – shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Amended Settlement Agreement, and any such Settlement Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Amended Settlement Agreement.

    20. **Summary of Dates and Deadlines.** Consistent with and in addition to the deadlines established in the Paragraphs above, the following deadlines shall apply to review of the proposed settlement:

        Class Notice Program Commences: October 11, 2017.

        Initial Class Notice Program Complete: November 8, 2017.

16

**Objection and Opt Out Deadline: December 8, 2017.**

**Deadline for the Settlement Administrator to Tabulate and Identify Opt Outs: December 18, 2017.**

**Deadline for Defendants to Exercise Right to Terminate Settlement Based Upon Opt Outs: January 2, 2018.**

**Filing of Motion and Supporting Papers for Final Approval and Any Supplement to the Motion for Approval of Attorneys' Fees and Litigation Expenses relating to litigation expenses: December 29, 2017.**

**Deadline for Claims Submissions: February 21, 2018.**

**Final Fairness/Approval Hearing: January 9, 2018, at 10:00 a.m.**

In conjunction with commencement of the Initial Class Notice Program, Settlement Class Counsel shall notify the Court and provide appropriate dates according to the schedule above to be inserted in the Class Notice.

DATED: September 21, 2017

John T. Copenhaver, Jr.
United States District Judge