IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**CRYSTAL GOOD,** *et al.***,**

    **Plaintiffs,**

**v.**                                          **Civil Action No. 2:14-cv-01374**
                                               **The Honorable John T. Copenhaver, Jr.**

                                               **Consolidated with:**
**AMERICAN WATER WORKS COMPANY,**     **Civil Action No. 2:14-cv-13164**
*et al.***,**                                              **Civil Action No. 2:14-cv-11011**
                                               **Civil Action No. 2:14-cv-13454**
    **Defendants.**

**COUNSEL TIMOTHY KOONTZ'S MOTION TO INTERVENE
AS TO AWARD OF ATTORNEYS' FEES and CHARGING LIEN**

COMES NOW M. Timothy Koontz, as former co-counsel for class representative R.G. Gunnoe Farms, LLC, and others, and hereby respectfully moves this Honorable Court to permit his intervention in the above-captioned action for the purpose of obtaining attorneys' fees due and owing to him under an agreement entered into with Underwood & Protctor Law Offices and Mark F. Underwood [herein after collectively "Underwood"] regarding representation of the above-referenced client(s).

**FACTUAL AND PROCEDURAL HISTORY**

Shortly after the water crisis in Charleston, West Virginia, proposed intervenor M. Timothy Koontz was contracted by long-time client, personal friend, and proprietor of R.G. Gunnoe Farms, LLC, Joy Gunnoe. Ms. Gunnoe was interested in pursuing a lawsuit against Defendants regarding injuries and damages suffered by her business as a result of the water crisis. Mr. Koontz agreed to represent R.G. Gunnoe Farms.

Thereafter, Underwood, having worked with Mr. Koontz and his law office on many occasions, agreed that they would prosecute their clients' claims against Defendants jointly. Underwood and Koontz reached a co-counsel agreement whereby the fee for all clients, inclusive of R.G. Gunnoe Farms, would be divided equally among Underwood and Koontz.

At some later point in time, Mark Underwood utilized the strength of the R.G. Gunnoe Farms claim to position himself as one of the lead counsel in the instant water litigation. Moreover, the strength of the R.G. Gunnoe Farms claim was postured in order to settle this matter for a substantial sum. Mr. Koontz takes the position that he is entitled to not only half of the 15% attorneys' fee which may be earned by Underwood on their joint cases, but that he is also entitled to fifty percent of any lead-counsel fee Underwood may earn by virtue of having served as counsel for one of, if not the most, substantial business claims in the water litigation.

## ARGUMENT

Similarly, Mr. Koontz's right to intervene for the purposes of determining his share of attorney's fees, as well as this Court's jurisdiction over the matter, is well-established. In *Mario v. Pioneer Edsel Sales, Inc.*, 349 F.3d 746 (4th Cir. 2003), the Fourth Circuit held as follows:

> In a class action, whether the attorney's fees come from a common fund or are otherwise paid, the district court must exercise its inherent authority to assure that the amount and mode of payment of attorney's fees are faire and proper. Thus, when a dispute concerning attorney's fees arises, the district court must have continuing jurisdiction to resolve the dispute in order to protect the continued integrity of its order approving fair and reasonable fees in the first instance. Moreover, just resolution of the issues raised by attorney's fees disputes requires both an intimate working knowledge of what occurred during the course of the class action and a uniform dispute resolution process.

349 F.3d at 753. Likewise, this Court has jurisdiction to entertain Mr. Koontz's motion to intervene for the purpose of resolving apportionment of attorney fees.

Moreover, West Virginia Code § 30-2-15 has long provided that "an attorney shall be entitled for his services as such to sums as he may contract for with the party for whom the service is tendered; and, in the absence of such a contract, he may recover of such party what his services were reasonably worth." W.Va. Code § 30-2-15 [1882]. As between attorneys, a charging lien by one attorney against another may be premised upon either a written or verbal agreement. *See Trickett v. Laurita*, 223 W.Va. 357, 674 S.E.2d 218 (2009). Even assuming, *arguendo*, that Underwood asserts the absence of the verbal agreement, when attorneys jointly undertake to represent a client there is a rebuttable presumption that the attorneys are to equally share any recovery of attorneys' fees. *Shaffer v. Charleston Area Med. Ctr.*, 199 W.Va. 428, 485 S.E. 2d 12 (1997). Further, a history of similar fee sharing agreements between counsel supports the finding of an implied contract of the same terms. *Shaffer, supra*; see also *Watson v. Pietranton*, 178 W.Va. 799, 364 S.E.2d 812 (1987).

With regard to the representation of their clients, inclusive of R.G. Gunnoe Farms, Underwood and Mr. Koontz entered into an agreement that they would split any fee earned equally among themselves. Such a split favors both the agreement between counsel, as well as the rebuttable presumption created in the absence of such an agreement. *Shaffer, supra*. Mr. Koontz is entitled to intervene in this action for the purpose of obtaining his share of any such fees earned by and/or awarded to Underwood in this matter.

## **CONCLUSION**

WHEREFORE, M. Timothy Koontz respectfully request that this Honorable Court make a finding that he is entitled intervene in this action and, further, that Mr. Koontz is entitled to fifty percent (50%) of any attorneys' fees awarded to Underwood & Proctor Law Offices and/or

Mark F. Underwood in this action. Mr. Koontz further requests all other and further such relief as the Court deems just and proper.

                    **M. TIMOTHY KOONTZ,**
                    **By Counsel,**

                    _/s/ Amanda J. Taylor_____
                    Steven P. New, Esq. WVSB#7756
                    Amanda Taylor, Esq. WVSB#11635
                    The Law Office of Stephen P. New
                    114 Main St.
                    Beckley, WV 25801
                    P: 304 250 6017
                    F: 304 250 6012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**CRYSTAL GOOD,** *et al.***,**

    **Plaintiffs,**

v.                                              **Civil Action No. 2:14-cv-01374**
                                                 **The Honorable John T. Copenhaver, Jr.**

                                                 **Consolidated with:**
**AMERICAN WATER WORKS COMPANY,**   **Civil Action No. 2:14-cv-13164**
*et al*.,                                           **Civil Action No. 2:14-cv-11011**
                                                 **Civil Action No. 2:14-cv-13454**

    **Defendants.**

## CERTIFICATE OF SERVICE

       NOW comes Amanda J. Taylor, as counsel for proposed intervenor M. Timothy Koontz, and all other similarly situated individuals, who hereby states that a true and exact copy of **COUNSEL M. TIMOTHY KOONTZ'S MOTION TO INTERVENE AS TO AWARD OF ATTORNEYS' FEES** was filed with the Clerk of the Court on this 4th day of January, 2018, and said true and exact copy was served upon the Parties hereto via the CM/ECF system as follows:

                                                    /s/ Amanda J. Taylor
                                                    Amanda J. Taylor, Esq. (WVSB#11635)