IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**CRYSTAL GOOD, et al.,**

      Plaintiffs,

v.                                                        Civil No.  2:14-cv-01374

                                                                  Consolidated with

**WEST VIRGINIA-AMERICAN WATER**      Case No.  2:14-11011
**COMPANY, et al,**                                    Case No.  2:14-13164
                                                                   Case No.  2:14-13454

      Defendants.

## REPORT OF THE GUARDIAN AD LITEM ON THE FAIRNESS OF THE PROPOSED AMENDED SETTLEMENT AGREEMENT

On January 5, 2018, this Court ordered the undersigned Counsel to be appointed as the guardian ad litem "GAL" for settlement class members who are minors or lack capacity in this action. This Court further ordered that the GAL make an independent investigation into the terms and provisions of the Amended Settlement Agreement and make a recommendation to the Court on the overall fairness of the Amended Settlement Agreement, Simple Claim payment option, and the Individual Review Claim payment option, with respect to class members who are minors or lack capacity, as expeditiously as possible. Having completed this investigation, the GAL now submits this report and recommendation.

**A.  Documents Reviewed**

- National Toxicology Program, West Virginia Chemical Spill: NTP Research Response (Aug. 2014);

- Response to Freedom of Information Act Request: West Virginia testing Assessment project (WV TAP) (Mar. 6, 2015);

1

- Expert Opinion of Letter of Dr. Dennis Paustenbach (May 22, 2015);

- Report for Class Certification Phase by Gary R. Krieger, MD, MPH, DABT, DTM&H (May 22, 2015);

- Deposition of Rahul Gupta, M.D. (Jun 30, 2015);

- Memorandum Opinion and Order (*inter alia*, granting plaintiffs' motion for class certification respecting fault and comparative fault issues) (Oct. 8, 2015), Doc. #470;

- Order Preliminarily Approving Settlement and Form Order on Class Certification (Dec. 16, 2015), Doc. #514;

- Rebuttal Expert Opinion of Letter of Dr. Dennis Paustenbach (Mar. 9, 2016);

- West Virginia Department of Health & Human Resources, <u>Analysis of Birthweight after the January 9, 2014 Chemical Spill in Charleston, West Virginia</u> (Jun. 1, 2016);

- Second Consolidated Amended Class Action Complaint (Circuit Court of Kanawha County) (Jun. 6, 2016);

- NTP Research Program on Chemical Spills into the Elk River in West Virginia (Jul. 8, 2016);

- Order (requiring additional briefing on plaintiffs' motion for partial summary judgment) (Jul. 25, 2016), Doc. #933;

- Memorandum Opinion and Order (granting motion for summary judgment as to American Water Works) (Sep. 26, 2016), Doc. #958;

- Memorandum Opinion and Order (denying Eastman motion for summary judgment) (Sep. 26, 2016), Doc. #962;

- Memorandum Opinion and Order (denying WV American's and Plaintiffs' motions for summary judgment) (Sep. 27, 2016), Doc. #964;

- Memorandum Opinion and Order (granting Water defendants' motion for partial summary judgment and denying Eastman's motion for partial summary judgment) (Oct. 6, 2016), Doc. #1005;

- Memorandum Opinion and Order (denying Plaintiffs' motion for summary judgment) (Oct. 12, 2016), Doc. #1013;

- Memorandum Opinion and Order (Oct. 13, 2016), Doc. #1044;

- Class Action Settlement Agreement w/exhibits (Apr. 27, 2017), Doc. #1136-1;

- Memorandum Opinion and Order (*inter alia*, denying without prejudice parties' Join Motion for Preliminary Approval of Class Settlement, Conditional Class Certification, Directing Notice to the Class, and Entry of Scheduling Order) (Jul. 6, 2017), Doc. #1146;

- Renewed Join Motion for Preliminary Approval of Class Settlement, Fees, Costs and Incentive Awards, Conditional Class Certification, Directing Notice to the Class, and Entry of Scheduling Order (Aug. 25, 2017), Doc. #1163;

- Amended Class Action Settlement Agreement w/exhibits (Aug. 25, 2017), Doc. #1163-1, #1163-2, #1163-3, #1163-4;

- Order Granting Preliminary Approval of the <u>Good</u> Class Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing (Sep. 21, 2017);

- Order (directing Settlement Administrator to file periodic reports) (Dec. 19, 2017), Doc. #1175; and

- December 29, 2017 Periodic Report of the Settlement Administrator (Dec. 29, 2017), Doc. #1179-1.

B. **Individuals Consulted**

The GAL has consulted with the following individuals:

- Counsel for the Plaintiffs, including Anthony J. Majestro, Benjamin L. Bailey, and Kevin W. Thompson;

- Counsel for the Defendants, including Marc E. Williams, A. Kent Mayo, and Thomas J. Hurney, Jr;

- Representative of Notice Administrator Kinsella Media, LLC, specifically Dr. Shannon Wheatman; and

- Representative of the Settlement Administrator SmithCochranHicks, specifically John Jenkins.

C. **General Conclusion**

Having conducted a thorough and comprehensive investigation, the GAL is now acutely aware that the Amended Settlement Agreement was reached after the parties engaged

in a period of protracted and hard-fought litigation, and certainly appears to have been entered into only after extensive arm's length negotiation by experienced counsel.

The GAL has thoroughly and repeatedly reviewed the following:

- Class Action Settlement Agreement w/exhibits (Apr. 27, 2017), Doc. #1136-1;

- Memorandum Opinion and Order (*inter alia*, denying without prejudice parties' Join Motion for Preliminary Approval of Class Settlement, Conditional Class Certification, Directing Notice to the Class, and Entry of Scheduling Order) (Jul. 6, 2017), Doc. #1146;

- Renewed Join Motion for Preliminary Approval of Class Settlement, Fees, Costs and Incentive Awards, Conditional Class Certification, Directing Notice to the Class, and Entry of Scheduling Order (Aug. 25, 2017), Doc. #1163;

- Amended Class Action Settlement Agreement w/exhibits (Aug. 25, 2017), Doc. #1163-1, #1163-2, #1163-3, #1163-4;

- Order Granting Preliminary Approval of the Good Class Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing (Sep. 21, 2017);

After having conducted an independent investigation, and subject to the recommendations made below, the GAL believes that the Amended Settlement Agreement, Simple Claim payment option, and the Individual Review Claim payment option, with respect to class members who are minors or lack capacity, are fair and adequate.

Subject to the recommendations made below, the GAL agrees in all respects with the facts, rationale, and conclusions contained in the Court's Order Granting Preliminary Approval of the Good Class Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing, entered on September 21, 2017.

**C. Specific Recommendations**

The GAL makes the following specific recommendations to the Court concerning the Amended Settlement Agreement, Simple Claim payment option, and the Individual

Review Claim payment option, with respect to class members who are minors or lack capacity.

### Recommendation #1

Section 6.3 of the Amended Settlement Agreement provides for the appointment of the GAL to represent those Settlement Class Members "who are minors or who lack capacity." Section 4 and 4.1 of the Amended Settlement Agreement provide that for the purposes of the Class Action Settlement only, the "following natural born persons…" are class members, and specifically states that "all natural persons, including adults and minors (including in utero)…" The terms "minors" and "lack capacity" are otherwise not defined anywhere in the Amended Settlement Agreement.

**It is respectfully recommended that the Final Order incorporate a definition of "minors" and "lack capacity" to provide guidance to the GAL as well as the Settlement Administrator.**

### Recommendation #2

Section 6.3 of the Amended Settlement Agreement provides that following the Final Approval Order, the GAL shall evaluate determinations by the Settlement Administrator regarding claims submitted under the Individual Review Option by Settlement Class Members who are minors or who lack capacity, and make recommendations as directed by the Court.

Section V.B.3 of Exhibit 3 to the Amended Settlement Agreement, <u>Distribution of Aggregate Payment of Residential Claims</u>, provides for a procedure when Residents cannot agree on the distribution of aggregate payments. Under this Section, a Resident may request that the Settlement Administrator determine the allocation of the aggregate payment amount

among the adult Residents.  Furthermore, the Settlement Administrator may issue separate payments to individual Residents.

**It is respectfully recommended that the Final Order direct, in instances in which a minor or a person who lacks capacity is an individual Resident in any such dispute, the GAL represent the interest of the individual Resident during the resolution of the dispute by the Settlement Administrator.**

### Recommendation #3

Section 8 of the Amended Settlement Agreement details the agreement of the parties on Notice to the Settlement Class Members.  Exhibit 7 to the Amended Settlement Agreement is the Revised Declaration of Shannon R. Wheatman, Ph.D, on Adequacy of the Notice Program.  Undoubtedly, the Notice Program is extensive and consists of four-parts: Direct Notice (mailings), Paid Media Notice, a nationwide press release, and a Settlement Website.

The Notice Program would generally provide notice equally to all Settlement Class Members, including those who are minors or lack capacity.  However, the GAL notes that the term "lack capacity" may include Settlement Class Members who are currently in the custody of the State or Federal government.  Such custody could take the form of incarceration or commitment in a regional jail, a juvenile facility, a prison, or a mental hospital.  The GAL is concerned as to the adequacy of the Notice Program as it relates to this subset of Settlement Class Members, as there is some reason to believe the four-part program will be insufficient to notify these individuals of the ability to file a claim given limited access to such media or materials.

The GAL has spoken specifically to Dr. Wheatman who has confirmed that there are otherwise no current efforts to target this specific subset of Settlement Class Members.

**It is respectfully recommended that the Final Order direct the parties to immediately make reasonable efforts to identify and notify those Settlement Class Members who lack capacity due to being held in State or Federal custody.**

### Recommendation #4

In speaking to the Settlement Administrator, the GAL has learned that the current intention of the parties is to issue individual checks to each Individual Resident or business owner in an effort to avoid the costs to the settlement fund of issuing IRS Form 1099s. As it relates to minors and those who lack capacity, this procedure raises a number of issues

As it relates to minors, the parties should ensure that the check issued in the minor's name can be readily "cashed" at a convenient financial institution by the minor. This concern is especially applicable for those minors who otherwise do not possess bank accounts or a qualifying form of identification. Furthermore, any notice provided at the time the check is issued should provide any instruction necessary so that the minor will be informed as to the options to cash the check.

As it relates to those who lack capacity, the same concerns would apply. Additionally, the Settlement Administrator has noted that some number of claims have been received from people in State custody. If such claims are approved, the GAL has significant concerns as to how the settlement payments could be transferred to these individuals given potential limitations on the ability to receive funds.

**It is respectfully recommended that the Final Order direct the parties to instruct the Settlement Administrator to ensure that a reasonable procedure is**

**adopted to allow minors and those who lack capacity to be able to "cash" any settlement payment, and that such claimants be notified accordingly.**

Respectfully submitted,

s/ John A. Carr
John A. Carr, Esq. (WVSB #10461)
John A. Carr Attorney at Law, PLLC
179 Summers Street, Ste 209
Charleston, WV 25301
304-344-4822
E-mail: jcarr@jcarrlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**CRYSTAL GOOD**, et al.,

    Plaintiffs,

vi.                                              Civil No. 2:14-cv-01374

                                                                        Consolidated with

**WEST VIRGINIA-AMERICAN WATER**      Case No. 2:14-11011
**COMPANY**, et al,                                 Case No. 2:14-13164
                                                                        Case No. 2:14-13454

    **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing

**"Report Of The Guardian Ad Litem On The Fairness Of The Proposed Amended Settlement Agreement"** was served with the Clerk of the Court using CM/ECF system, and was served via email to:

Van Bunch, Esquire (W.Va. Bar No. 10608)
Bonnett Fairbourn Friedman & Balint PC
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Facsimile: (602) 274-1199
vbunch@bffb.com

Kevin W. Thompson, Esquire (W.Va. Bar No. 5062)
David R. Barney, Jr. (W. Va. Bar No. 7958)
Thompson Barney Law Firm
2030 Kanawha Boulevard, East Charleston, West Virginia 25311
Telephone: (304) 343-4401
Facsimile: (304) 343-4405
kwthompsonwv@gmail.com

Stuart Calwell, Esquire (WVSB# 0595)
Alex McLaughlin, Esquire (WVSB# 9696)
D. Christopher Hedges, Esquire (WVSB# 7894)
The Calwell Practice, LC
Law and Arts Center
West 500 Randolph Street
Charleston, West Virginia 25302
Telephone: (304) 343-4323
Facsimile: (304) 344-3684 (facsimile)
scalwell@calwelllaw.com

*Lead Settlement Class Counsel*

Anthony J. Majestro (W.Va. Bar No. 5165)
Powell & Majestro, PLLC
405 Capitol Street, Suite P-1200
Charleston, West Virginia 25301
Telephone: (304) 346-2889
Facsimile: (304) 346-2895 (facsimile)
amajestro@powellmajestro.com

Benjamin L. Bailey (W.Va. Bar No. 200)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV  25301-1386
bbailey@baileyglasser.com

Marvin W. Masters (W.Va. Bar No. 2359)
The Masters Law Firm LC
181 Summers Street
Charleston, WV 25301
Telephone: (304) 342-3106
Facsimile (304) 342-3189
mwm@themasterslawfirm.com

*Settlement Class Counsel*

Thomas J. Hurney, Jr. (WV Bar No. 1833)
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600 (25301)
P. O. Box 553
Charleston, West Virginia  25322  (304) 340-1000
thurney@jacksonkelly.com

Kent Mayo (admitted Pro Hac Vice)
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC  20004
(202) 639-1122
kent.mayo@bakerbotts.com

10

*Representing Defendants West Virginia- American Water Company, American Water Works Company, Inc., and American Water Works Service Company, Inc.*

Marc E. Williams (WV Bar No. 4062)
Robert L. Massie (WV Bar No. 5743)
NELSON MULLINS RILEY & SCARBOROUGH LLP
949 Third Ave., Suite 200
Huntington, WV 25701
Phone:  (304) 526-3501
Fax:  (304) 526-3541
Email: marc.williams@nelsonmullins.com
Email: bob.massie@nelsonmullins.com

Deborah Greenspan (Admitted pro hac vice)
BLANK ROME LLP
1825 Eye Street NW
Washington, DC 20006
Phone: (202) 420-2200
Fax: (202) 420-2201
Email: dgreenspan@blankrome.com

Robert Scott (Admitted pro hac vice)
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Phone: (713) 228-6601
Fax: (713) 228-6605
Email: rscott@blankrome.com

***Representing Defendant Eastman Chemical Company***

Date:  January 19, 2018

s/ John A. Carr
John A. Carr, Esq. (WVSB #10461)
John A. Carr Attorney at Law, PLLC
179 Summers Street, Ste 209
Charleston, WV 25301
304-344-4822
E-mail: jcarr@jcarrlaw.com