UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **CRYSTAL GOOD, et al.,** | |
|       **Plaintiffs,** | Case No.: 2:14-CV-01374 |
| v. | Hon. John T. Copenhaver, Jr. |
| **WEST VIRGINIA-AMERICAN WATER COMPANY, et al.,** | Consolidated with: |
|       **Defendants.** | Case No. 2:14-11011<br>Case No. 2:14-13164<br>Case No. 2:14-13454 |

## REPLY OF THE CHOP HOUSE and TIDEWATER RESTAURANTS TO THE MOTION AND RESPONSE OF WEST VIRGINIA HOSPITALITY AND TRAVEL ASSOCIATION, INC.

Come now The Chop House and Tidewater Restaurants of Charleston ("Chop House/Tidewater"), by counsel, and states in reply as follows:

1. The aforementioned restaurants have been represented by their current counsel since August 1, 2014. Attached as Exhibit 1 is the Contingency Fee Agreement executed on that date.

2. The claimed assignment to the trade association occurred on January 8, 2016. Some 18 months after these entities retained Mani, Ellis and Layne as their attorneys. Thus, these plaintiffs were represented by other counsel when the purported assignment was executed.

3. It is believed that Michael O. Callaghan and Neely & Callaghan drafted the aforementioned assignment agreement for the Restaurant Association for the sole purpose of soliciting and obtaining clients relating to the litigation. There was no effort by the Association or

their counsel to determine whether Chop House/Tidewater restaurants were represented by counsel. Such solicitation was and is an ethical violation under West Virginia Ethical Rule 4.2:

*"In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or by a court order."*

4. It is clear that the assignment of any claim must be supported by adequate consideration. The assignment in question is so patently one-sided it is on its face devoid of consideration. Without such consideration, there simply can be no valid assignment.

5. The undersigned counsel have retained an expert on behalf of these claimants, and have requested from and obtained extensive financial records which have been reviewed by said expert for purposes of substantiating a claim.

6. Undersigned counsel has also submitted a claim in the U.S. Bankruptcy Court Southern District of West Virginia on behalf of the restaurants on August 1, 2014.

## CONCLUSION

It is readily apparent that the assignment at issue fails for a lack of consideration. This is simply a thinly disguised attempt at stealing clients. Mr. Callaghan knew that Chop House/Tidewater were represented by Mani, Ellis and Layne, PLLC, at the time of the assignment but chose to simply disregard that fact.

These restaurants do not wish to be represented by Mr. Callaghan. They were not represented by him at the time of the opt out. Therefore, the attempt to opt out was not effective.

The Chop House/Tidewater restaurants request that this Honorable Court grant this request to withdraw the opt out that was done without their permission or assent.

Respectfully submitted,

/s/ Bernard E. Layne, III
Bernard E. Layne, III (WV Bar No. 7991)
Jonathan R. Mani, Esquire (WV Bar No. 8824)
Damon L. Ellis, Esquire (WV Bar No. 8802)
Mani Ellis & Layne, PLLC
602 Virginia Street, East
Suite 200
PO BOX 1266
Charleston, WV 25325-1266
(304) 720-1000
(304) 720-1001 facsimile

-and-

John E. Sutter, Esquire (WV Bar No. 4216)
The Sutter Law Firm, PLLC
1598 Kanawha Blvd, East
Charleston, WV 25311
(304) 343-1514
(304) 343-1519 facsimile

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **CRYSTAL GOOD, et al.,** | |
| Plaintiffs, | Case No.: 2:14-CV-01374 |
| v. | Hon. John T. Copenhaver, Jr. |
| **WEST VIRGINIA-AMERICAN WATER COMPANY, et al.,** | Consolidated with: |
| Defendants. | Case No. 2:14-11011<br>Case No. 2:14-13164<br>Case No. 2:14-13454 |

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiffs here by certifies that on 25rd day of January, 2018, the foregoing **REPLY OF THE CHOP HOUSE and TIDEWATER RESTAURANTS TO THE MOTION AND RESPONSE OF WEST VIRGINIA HOSPITALITY AND TRAVEL ASSOCIATION, INC.** was served on all counsel of record through the CM/ECF system which will send notification of the filing to all counsel of record.

Respectfully submitted,

/s/ Bernard E. Layne, III
Bernard E. Layne, III (WV Bar No. 7991)
Jonathan R. Mani, Esquire (WV Bar No. 8824)
Damon L. Ellis, Esquire (WV Bar No. 8802)
**Mani Ellis & Layne, PLLC**
602 Virginia Street, East
Suite 200
P.O. Box 1266
Charleston, WV 25325-1266

(304) 720-1000
(304) 720-1001 facsimile

-and-

John E. Sutter, Esquire (WV Bar No. 4216)
**The Sutter Law Firm, PLLC**
1598 Kanawha Blvd, East
Charleston, WV 25311
(304) 343-1514
(304) 343-1519 facsimile