UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**CRYSTAL GOOD, et al.,**

    Plaintiffs,

v.                                                  Civil Action No. 2:14-cv-01374

**AMERICAN WATER WORKS COMPANY, INC.**, a Delaware corporation, and
**AMERICAN WATER WORKS SERVICE COMPANY, INC.**, a New Jersey corporation, and **EASTMAN CHEMICAL COMPANY**, a Delaware corporation, and,
**WEST VIRGINIA-AMERICAN WATER COMPANY**, a West Virginia corporation d/b/a West Virginia American Water, and **GARY SOUTHERN**, and **DENNIS P. FARRELL**,

    Defendants.

Consolidated with:

 Case No. 2:14-11011
 Case No. 2:14-13164
 Case No. 2:14-13454

<u>ORDER</u>

Pending is the motion for leave to intervene as a matter of right of West Virginia Hospitality and Travel Association ("WVHTA"), filed January 18, 2018.

Movant WVHTA seeks to intervene in the above-styled action for the limited purpose of responding to the request of The Chop House and Tidewater restaurants to withdraw their opt out notices and participate in the proposed class settlement.

1

WVHTA asserts that it received an irrevocable assignment of any and all claims related to the incident underlying this action that are held by the two restaurants.

Intervention is governed by Federal Rule of Civil Procedure 24.  It provides, in pertinent part:

> (a) Intervention of Right.  On timely motion, the court must permit anyone to intervene who:
> . . .
>> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  To intervene as a matter of right under Rule 24(a), a movant must satisfy all four of the following requirements: (1) the application must be timely, (2) the movant must have an interest in the subject matter sufficient to merit intervention, (3) the denial of intervention would impair or impede the applicant's ability to protect its interest, and (4) the movant's interest is not adequately represented by the existing parties to the litigation.  See Fed. R. Civ. P. 24(a); <u>Houston General Ins. Co. v. Moore</u>, 193 F.3d 838, 839 (4th Cir. 1999).

It appears that WVHTA meets all these requirements. WVHTA's motion, filed ten business days after The Chop House and Tidewater filed their request, is timely.  As the assignee of the restaurants' claims, WVHTA has a clear interest in The Chop House and Tidewater's request to withdraw their opt out so that they may take part in the proposed class settlement.  This interest is not adequately represented by any of the parties to this action, and absent WVHTA's intervention, it would not be able to protect its interest in the resolution of the assigned claims.

Accordingly, it is ORDERED that WVHTA's motion to intervene be, and it hereby is, granted for the limited purpose of the resolution of the request filed by The Chop House and Tidewater to withdraw their opt outs.

The Clerk is requested to transmit copies of this order to all counsel of record and any unrepresented parties. The Clerk is further requested to docket the proposed response, attached as Exhibit A to WVHTA's motion.

DATED: February 28, 2018

John T. Copenhaver, Jr.
United States District Judge

3