UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| CRYSTAL GOOD, *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> WEST VIRGINIA-AMERICAN WATER COMPANY, *et al.*, <br><br> Defendants. | Civil Action No. 2:14-CV-01374 <br> Hon. John T. Copenhaver, Jr. <br><br> Consolidated with: <br> Civil Action No. 2:14-CV-13164 <br> Civil Action No. 2:14-CV-11011 <br> Civil Action No. 2:14-CV-13454 <br><br> CLASS ACTION |

**PLAINTIFFS' EXPEDITED MOTION FOR FINAL APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT WITH DEFENDANT GARY SOUTHERN AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Federal Rule of Civil Procedure 23(e), Plaintiffs, on behalf of themselves on behalf of the certified Settlement Class, through Lead and Settlement Class Counsel, respectfully submit this Expedited Motion for Final Approval of Partial Class Action Settlement with Defendant Gary Southern, and this memorandum of law in support thereof. The Plaintiffs' proposed class action settlement of their claims against Defendant Gary Southern ("Southern"), formerly affiliated with Freedom Industries ("Freedom"), for a cash payment of $1,000,000 from his personal funds, is fair, reasonable and adequate. Pursuant to Federal Rule of Civil Procedure 23(e), final approval is warranted.

On June 8, 2018 (Doc. 1211; "June 8 Order"), the Court ruled on a motion filed earlier in the case for settlement of claims against Defendants Southern and Dennis P. Farrell ("Farrell"). While the Court granted final approval of the settlement with Farrell for $50,000 as fair and reasonable in view of his financial circumstances, the Court declined to grant final approval of the

initially requested Southern Partial Settlement in part because "Southern appears to be a wealthy individual." The Court detailed various assets listed in Southern's plea agreement which included over $7 million in an annuity and certain securities, as well as other assets including Marco Island real estate and a 2012 Bentley automobile. The Court also noted that Southern had stipulated in the criminal matter arising out of the Freedom spill that his own negligence was a proximate and contributing cause, albeit not the only proximate or contributing cause, of the discharge of some quantity of MCHM into the Elk River. Under those circumstances, the Court concluded that the $350,000 Southern had agreed to pay was "quite small." Doc. 1211 at p. 8.

With the Court withdrawing preliminary approval of the $350,000 settlement, and at the Court's direction, the parties entered further negotiations. On August 8, 2018, Southern agreed to pay $1,000,000 to settle the class claims against him in full ("new Southern Settlement")[1]. This new agreement nearly triples the amount Southern will be obligated to pay to help provide justice to the victims in this case. In addition, as part of a global settlement, the Settlement Class has already received the benefit of Southern's relinquishment of his rights under the AIG Officers and Directors policy which allowed over $3 million to go into the bankruptcy estate for cleanup of the Freedom site along with Southern's voluntary contribution of $300,000 to the bankruptcy estate which also went to cleanup efforts at the Freedom site. *See* Exhibit B to the Third Modified Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code Proposed by Freedom Industries, Inc., dated August 12, 2015 [*In re Freedom Industries, Inc.*, Case No. 14-20017, ECF 872-2]. The Plan of Liquidation was approved by the Bankruptcy Court on October 6, 2015 [ECF 914].

---

[1] A copy of the executed Amended Settlement Agreement and Release dated August 21, 2018 is attached as Exhibit A.

This Motion for Final Approval of the new Southern Settlement should be granted in expedited fashion for the following reasons. Under Section XI of Exhibit 3 to the controlling Amended Settlement Agreement (Doc. 1163-1; p. 116 of 231; page ID 38783; "Sources and Uses of Settlement Funds"), governing the terms by which the settlement money will be distributed to the class, and which were approved by the Court when it entered final approval of the settlement against the water companies and Eastman on June 8, 2018, the Individual Settlement Funds are to be used by the Settlement Administrator to pay simple claims consistent with the process for use of the Guaranteed Settlement Fund.

At this time, the duly appointed Settlement Claims Administrator is poised to begin distribution of the Guaranteed Settlement Fund to approved claimants. Because the funds paid by Southern in satisfaction of claims against him are dedicated to payment of those claimants, the time is now for resolving the Class claims against him, so the Class reaps the benefits of his payment. In other words, litigating the claims against Southern, with the resultant delay and expense, could well result in a recovery but with no guarantee a judgement could be satisfied timely and no way and nowhere to pay it in any event.[2]

Thus, for the $1,000,000 which Southern has agreed to pay to be distributed as part of the simple claims process, the Court's final approval of the Southern settlement now will ensure that claimants can receive full and timely justice in accordance with the terms of the approved class action settlement.

Notice pursuant to Federal Rule of Civil Procedure 23(c)(2) of the amendment of the sum of money that Southern has agreed to pay to settle the Settlement Class's claims against him are

---

[2] Further, although not noted in the Court's Order, Southern is a resident of the State of Florida and thus his home on Marco Island, Florida as well as his retirement accounts are protected assets under Florida law and could not be used to satisfy any judgment.

3

unnecessary under the circumstances, and the Court may proceed directly to a finding that the terms of the new settlement are fair, reasonable and adequate.[3] At the Court's direction, the Settlement Class has already been notified of the Settlement Agreement and Release executed in June 2015, in which Southern agreed to pay $350,000 to settle the class claims. As the Court has noted, as the result of that notification process, only "two brief written objections to either settlement were received and neither constituted a studied or substantive objection." Doc. 1211 at p. 4. In short, no objections were received from the Settlement Class with respect to Southern's proposed payment of $350,000 in exchange for a release of claims. Plaintiffs submit that there is no reason to believe that anyone would object to Southern paying $1,000,000 to settle the class claims against him, an amount nearly triple the amount of which the Settlement Class was notified. Thus, there is no reason to incur the substantial cost and delay to re-notice the Class, and the Court may finally approve the new Southern settlement pursuant to Rule 23(e).

Dated: August 21, 2018.

By Counsel,

/s/ Van Bunch
Van Bunch (W.Va. Bar No. 10608)
Bonnett Fairbourn Friedman & Balint PC
2325 E. Camelback Road,
Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Facsimile: (602) 274-1199
vbunch@bffb.com

---

[3] As to whether the proposed settlement is fair, reasonable and adequate, it is noted that Southern had been President of Freedom for less than a month when the spill occurred; he was never an owner of Freedom and received no monies from the sale of Freedom; and he is a defendant in multiple lawsuits related to the spill.

Stuart Calwell (WVSB# 0595)
Alex McLaughlin (WVSB# 9696)
D. Christopher Hedges (WVSB# 7894)
The Calwell Practice, LC
Law and Arts Center West
500 Randolph Street
Charleston, West Virginia 25302
Telephone: (304) 343-4323
Facsimile: (304) 344-3684 (facsimile)
scalwell@calwelllaw.com

Kevin W. Thompson (W.Va. Bar No. 5062)
David R. Barney, Jr. (W.Va. Bar No. 7958)
Thompson Barney Law Firm
2030 Kanawha Boulevard, East
Charleston, West Virginia 25311
Telephone: (304) 343-4401
Facsimile: (304) 343-4405
kwthompsonwv@gmail.com

*Lead Settlement Class Counsel*

Anthony J. Majestro (W.Va. Bar No. 5165)
Powell & Majestro, PLLC
405 Capitol Street, Suite P-1200
Charleston, West Virginia 25301
Telephone: (304) 346-2889
Facsimile: (304) 346-2895 (facsimile)
amajestro@powellmajestro.com
Benjamin L. Bailey (W.Va. Bar No. 200)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV  25301-1386
bbailey@baileyglasser.com

Marvin W. Masters (W.Va. Bar No. 2359)
The Masters Law Firm LC
181 Summers Street
Charleston, WV 25301
Telephone: (304) 342-3106
Facsimile (304) 342-3189
mwm@themasterslawfirm.com

*Settlement Class Counsel*

5

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| CRYSTAL GOOD, *et al.*,<br><br>       Plaintiffs<br>v.<br><br><br>WEST VIRGINIA-AMERICAN WATER COMPANY,<br>*et al.,*<br><br>       Defendants. | Civil Action No. 2:14-CV-01374<br>Hon. John T. Copenhaver, Jr.<br><br>Consolidated with:<br>Civil Action No. 2:14-CV-13164<br>Civil Action No. 2:14-CV-11011<br>Civil Action No. 2:14-CV-13454 |

**CERTIFICATE OF SERVICE**

The undersigned counsel for Plaintiffs hereby certifies that on August 21, 2018, the foregoing "Plaintiffs' Expedited Motion for Final Approval of Partial Class Action Settlement with Defendant Gary Southern and Memorandum in Support Thereof" was served on all counsel of record through the CM/ECF system which will send notification of the filing to all counsel of record.

                                       Bonnett Fairbourn Friedman & Balint PC

                                       /s/ *Van Bunch*
                                       Van Bunch (WVSB# 10608)
                                       2325 E. Camelback Road, Suite 300
                                       Phoenix, Arizona 85016
                                       Telephone: (602) 274-1100
                                       Facsimile: (602) 274-1199
                                       vbunch@bffb.com