UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| CRYSTAL GOOD, *et al.*,<br><br>      Plaintiffs<br><br>v.<br><br><br>WEST VIRGINIA-AMERICAN WATER COMPANY, *et al.*,<br><br>      Defendants. | Civil No. 2:14-CV-01374<br>Hon. John T. Copenhaver, Jr.<br><br><br>Consolidated with:<br>Civil No. 2:14-CV-13164<br>Civil No. 2:14-CV-11011<br>Civil No. 2:14-CV-13454<br><br>CLASS ACTION |

_____

QUALIFIED PROTECTIVE ORDER

The Amended Class Action Settlement Agreement dated August

25, 2017 ("Amended Settlement Agreement") provides that the

Settlement Administrator[1] shall be responsible for determining

"whether there are any potential health care liens or recovery

claims related to this Settlement that are or may be asserted

against a Claimant on behalf of Medicare, any Medicare Advantage

Organization, state Medicaid program, private insurers or health

plans or any other governmental entity that provided or paid for

health care services to the Claimant ("Applicable Liens") and for

resolving any such Applicable Liens before issuing a settlement

payment to any Claimant who is found to have an Applicable Lien."

---

[1] Capitalized terms in this Order shall have the meanings ascribed in
the Amended Settlement Agreement unless otherwise defined herein.

Amended Settlement Agreement §6.5.  The Amended Settlement Agreement also provides that the "Settlement Administrator shall pay or otherwise resolve any Applicable Lien and shall obtain from CMS and/or any other lienholder documentation that any claims of CMS or other lienholder with respect to such Claimant have been resolved whether through payment or otherwise."  *Id*.

The Amended Settlement Agreement further provides that the Settlement Administrator "may negotiate the resolution of any Applicable Liens either globally or individually and the Parties and/or the Settlement Administrator may engage the services of a lien resolution entity to assist in fulfilling the functions of this Section."  Amended Settlement Agreement §6.5.  Settlement Class Counsel, on behalf of all Settlement Class Members who submit eligible claims that are subject to Applicable Liens ("Lienee Claimants")[2] in the above-captioned matter, has retained Lien Resolution Group ("LRG") to serve as agent on behalf of all Lienee Claimants to assist in fulfilling the functions described in Section 6.5 of the Amended Settlement Agreement and for purposes of claim and/or lien identification, release of potential lien interests with respect to any individual claim or

---

[2] The Defendants and Settlement Class Counsel anticipate that it is most likely that liens might be asserted with respect to Medical Claimants (as defined in the Amended Settlement Agreement.)  The claim forms for Medical Claimants include information about the potential lien resolution process.

137052.00615/106193628v.9

category of claim, and resolution of potential Applicable Liens asserted by Government Payers[3], Medicare Part C (Medicare Advantage) and/or Part D program sponsors, and other Payers/Providers, including all private insurers and private health plans whether insured or self-funded  (collectively "Payers").

LRG will have the authority to administer a process with CMS for any general release of potential liens with respect to individual claims or categories of claims and for identification and resolution of Medicare Parts A/B recovery claims on behalf of all other Lienee Claimants who are or were Medicare entitled during the class period.

WHEREAS, the entry of a HIPAA-compliant qualified protective order is necessary in this action to permit the Payers and LRG to transmit and receive Protected Health Information (as defined below) regarding the Claimants.

---

[3] Governmental Payers means any federal, state, or other governmental body, agency, department, plan, program, or entity that administers, funds, pays, contracts for, or provides medical items, services, and or prescription drugs, and includes but is not limited to the Centers for Medicare and Medicaid Services ("CMS"), the Medicare Secondary Payer Department, the Medicaid programs of each state and territory and of the District of Columbia (each a "Medicaid Agency"), and the armed services administration including Veteran Affairs and TRICARE.

137052.00615/106193628v.9

The Court being sufficiently advised, IT IS HEREBY ORDERED:

1.   The Court approves the retention of LRG to perform the lien resolution functions described in this Order. Certain fees or portions of fees of LRG may be deemed Administrative Expenses and certain fees or portions of fees may be charged to individual class members whose liens are resolved.  The Court shall determine the allocation of the fees of LRG.

2.    This Qualified Protective Order shall apply to all information related to Claimants that LRG creates, provides to, or receives from Payers and/or the Settlement Administrator that is or may be protected under HIPAA and its amendments,[4] or other applicable federal or state law, including all "Protected Health Information" and "individually identifiable health information," which as used in this Order shall have the meaning as defined by 45 CFR § 160.103,[5] or information that is otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 551a, the Health

---

[4] HIPAA shall mean the administrative simplification provisions of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) and the implementing regulations issued thereunder, 45 C.F.R. Parts 160, 162, and 164, and shall incorporate by reference the provisions of the Health Information Technology for Economic and Clinical Health Act (Title XIII of Division A and Title IV of Division B of the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5 (2009)).

[5] This includes demographic information that could be used to identify Medicare-eligible and/or Medicaid-enrolled Claimants, information related to Claimants' eligibility for and entitlement to benefits under the Medicare program and Medicaid program and information

137052.00615/106193628v.9

Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 42 CFR § 431 Subpart F, titled "Safeguarding Information on Applicants and Recipients" and other applicable state law, including, but not limited to: (a) names and addresses, dates of birth, social security numbers, and other demographic information that could be used to identify Claimants; (b) eligibility, enrollment and entitlement information; (c) health claim(s) information including any payments made on behalf of a Claimant or for his/her benefit; and (d) information relating to the provision of healthcare claim coverage.

3.    As the Lien Resolution Agent selected by Settlement Class Counsel and approved by the Court, LRG is authorized to identify and resolve potential Applicable Liens of Payers related to Claimants, including but not limited to any potential Medicare Part A and/or Part B fee-for-service Medicare Secondary Payer claim(s) related to settlements, judgments, awards, or other payments associated with the above-captioned matter for those Lienee Claimants who are or were Medicare beneficiaries. LRG shall provide CMS with a final and verified list of all qualified Medicare enrolled beneficiaries.

---

related to health care services rendered, including the payment of such services.

5

4.     Payers may disclose to LRG and LRG is duly authorized to receive any information, including claims information and other Protected Health Information, for those Lienee Claimants in the above-captioned matter against whom Payers have asserted liens or reimbursement claims.

5.     In lieu of providing copies of individual HIPAA authorizations on a Claimant-by-Claimant basis, LRG is authorized to provide to and receive from the Settlement Administrator, CMS, individual Medicaid Agencies, and all other entities defined as Payers herein, lists of Claimants who qualify as Lienee Claimants and related information, including Claimants' Protected Health Information, and including lists that identify those Payers that may have or may have asserted against such Claimants a lien, claim, or right or subrogation, to determine which Claimants are beneficiaries or otherwise enrolled in health plans and to resolve certain liens/claims.  LRG is specifically authorized to submit a complete Lienee Claimant list to CMS, Medicare Part C sponsors, and private health plan agencies; and to submit individual lists of Lienee Claimants to the State Medicaid Agencies and other referenced Payers of those Lienee Claimants in each respective agency's state or branch.  Payers are authorized to provide LRG with lists of persons who have been identified as persons for which they may have advanced health or medical benefits to, and may have an Applicable Lien.

137052.00615/106193628v.9

6.    The recipients of any Protected Health Information under this Qualified Protected Order shall be prohibited from using or disclosing such information for any purpose other than this litigation.  Similarly, the Payers shall only use any lists of Claimants and their related information that is provided under this Order for the specific purpose of identifying liens or claims it may have in this litigation.  The Payers shall only make such lists available to those within its agency or organization who need access to the list for the specific purpose stated in this Order.

7.    Lienee Claimants who submit a Medical Claim are informed of the existence of and consent to the lien resolution process in the claim form materials that they must submit to initiate a Medical Claim under the Amended Settlement Agreement. Information about the lien resolution process is contained in the materials posted on the settlement website.  In the event that LRG determines that liens will be asserted against payments to Claimants who are not Medical Claimants, LRG shall immediately so inform the Court and counsel and defer resolution unless and until authorized by the Court.  The Settlement Administrator, if it has not already done so, will obtain the necessary information from such Claimants and will in due course inform such Claimants of the lien resolution process.

137052.00615/106193628v.9

8.    LRG shall maintain any Protected Health Information or individually identifiable health information subject to this Qualified Protective Order in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such protected health information as is exercised by LRG with respect to its own confidential proprietary information.

9.    The court recognizes that the Residential Claims are property loss claims and that the Business, Government and Wage Earner Claims are income loss claims.  None of the Residential, Business, Government or Wage Earner Claims are based on medical expense.  The Pregnancy Claims are status claims for which each such Claimant is scheduled to be paid $1,500, and for which no medical expense, if any there be, arising out of the contaminated water that is the subject of this case is requisite to payment of the $1,500.

LRG is to be compensated in accordance with the following schedule:

a.  Consulting fee for prior and future
work for negotiation of lien waivers for
non-Medical Claims (Residential, Business,
Wage Earner and Pregnancy) described
last above.                                          $15,000

8

b.   Medical Claims (also includes Wrongful
Death, Disability and Vision Impairment)
subject to Payers liens

    Verification of liens per Claimant      150

    Resolution of liens per Claimant      500

    Nevertheless, the total per Claimant for
    verification and lien resolution shall
    not exceed 25% of the amount of a given
    Medical Claim as allowed by the Settlement
    Administrator or, if appealed, by the
    Appeal Adjudicator.

    In addition, the Court expects some
    discretion to be exercised to the end that,
    e.g., a Medical Claim subject only to a
    lien claimed for payment of a $100 doctor
    bill does not result in the assessment of
    a $650 fee for verification and lien
    resolution.

c.   In the event one or more Pregnancy Claims
should be subject to a claim of lien by a Payer,
the verification and lien resolution fee for
Pregnancy Claims falling in that category can
be negotiated and fixed, subject to approval by
the Court, before lien resolution takes place.

10.   Pursuant to 45 C.F.R. §164.512(e)(1)(v)(B), within 60 days of the termination of the Settlement under Section 6.6 of the Amended Settlement Agreement, any recipient of Personal Health Information under this Order shall either return the Personal Health Information to the covered entity that provided it or destroy the Personal Health Information (including all copies made).

137052.00615/106193628v.9

**IT IS SO ORDERED.**

**Dated:  August 22, 2018**

_____
**John T. Copenhaver, Jr.**
**United States District Judge**

10

137052.00615/106193628v.9