UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| CRYSTAL GOOD, et al., <br><br> Plaintiffs <br><br> v. <br><br> WEST VIRGINIA-AMERICAN WATER COMPANY, et al., <br><br> Defendants. | Civil Action No. 2:14-CV-01374 <br> Hon. John T. Copenhaver, Jr. <br><br> Consolidated with: <br> Civil Action No. 2:14-CV-13164 <br> Civil Action No. 2:14-CV-11011 <br> Civil Action No. 2:14-CV-13454 <br><br> CLASS ACTION |

## APPLICATION FOR APPROVAL TO PAY APPROVED UNCONTESTED INDIVIDUAL REVIEW OPTION CLAIMS

The parties and Court-appointed Settlement Administrator, Smith Cochran Hicks PLLC ("SCH"), respectfully apply to the Court to approve the distribution of a portion of the Initial Contingent Fund Contribution for the approved uncontested Individual Review Option Claims detailed in the attached Schedule pursuant to Section 6.2.2.2 of the Amended Class Action Settlement Agreement ("ASA") (Doc. 1163-1) approved by this Court's Order Granting Final Approval of the Good Class Settlement and Entering Judgment (Doc. 1212).

Section 6.2.2.2 of the ASA provides as follows:

> If after distribution of the Simple Claim Form Payments and issuance of the checks through the Check Distribution Process, and after accounting for payments for associated Administrative Expenses and Attorneys' Fees and Litigation Expenses, and after full evaluation of the Individual Review Option claims, the Settlement Administrator determines that there are sufficient remaining assets to pay uncontested Individual Review Option claims pending final review of contested Individual Review Option claims so that the payment of both uncontested and contested Individual Review Option claims is assured, the Settlement Administrator may seek permission from the Court to distribute payment for the approved uncontested Individual Review Option claims before completing the full

evaluation of contested Individual Review Option claims. The Settlement Administrator may seek such permission by filing an application to distribute after providing reasonable notice to the Parties that includes the date on which the Settlement Administrator plans to file such application. The Parties shall have the right to submit responses to such application by the Settlement Administrator on the date the Settlement Administrator files the application. The Court may authorize or deny such distribution based on the evidence provided by the Settlement Administrator and taking into account the responses provided the Parties.

1. Under this Section 6.2.2.2, SCH keeps the parties and the Court aware on a regular basis of the status of its efforts to administer the settlement in this action. SCH has made the determination that there are sufficient assets to pay the uncontested Individual Review Option claims included in this request pending final review of the remaining Individual Review Option claims so that the payment of both is assured. The parties are aware that SCH is making this application on this date and join in the request for Court approval of the distribution outlined on the attached Schedule.

2. SCH sent notice to the American Water Defendants under Section 5.4.3 of the ASA to make the Initial Contingent Fund Contribution and the American Water Defendants provided the deposit within the required seven (7) days of receiving notice. The Individual Review Option claims included in this application total $2,885,151.56 and do not exceed the Initial Contingent Fund Contribution amount.

3. Under Exhibit 3 to the ASA, the Distribution Protocols (Doc. 1163-1, p. 93 of 231) at Section X, the Settlement Administrator is required to resolve (through payment or negotiated resolution) any applicable liens as provided at Section 6.5 of the ASA. This application for payment includes 1,154 Individual Review Option Pregnancy Claims[1]. All Individual Review Option Pregnancy claimants were submitted to The Centers for Medicare and

---

[1] This release of any applicable liens will also allow for the payment of previously approved Simple Claims filed by Pregnancy claimants included in this application

Medicaid ("CMS") for Verification of Enrollment ("VOE"). The CMS VOE results indicated that 9 (nine) of the Individual Review Option Pregnancy claimants included in this application had Medicare Part A and /or Part B entitlement during the exposure period. CMS has reviewed these nine (9) claimants and determined that the recovery amount for these claims in the aggregate totals $135. None of the other Individual Review Option Pregnancy claimants included in this application matched any enrollment records in CMS systems[2].

4. The West Virginia Department of Health and Human Services, Bureau for Medical Services ("BMS") in a written communication, dated October 30, 2018, represented that it has no legal right to, and will not pursue, a Medicaid subrogation lien with respect to any of the Individual Review Option Pregnancy Claims because the settlement amount for such claims is below the applicable threshold for instituting recovery actions. Accordingly, all potential lien obligations with respect to Medicare as administered by CMS and with respect to Medicaid have been addressed.

5. The Settlement Administration fees for the Individual Review Option claims included in this application total $236,240. The parties have reviewed this amount and conclude that the amount requested is in accordance with the fee schedule outlined in the Renewed Joint Motion for Preliminary Approval and the engagement document provided to the Court on July 5, 2018. The parties request the Court's approval to pay these fees from the Contingent Fund as specified in the ASA.

---

[2] There were two (2) Individual Review Option Pregnancy claims identified in the CMS VOE as eligible for services through Medicare Part C administered through private insurers. These two (2) claims are not included in this current application as additional information is being obtained to determine if there are any liens asserted from these private insurers.

For the foregoing reasons, the parties and SCH apply to the Court for its approval under Section 6.2.2.2 of the ASA and Section XI of the Distribution Protocols to distribute funds by check for the uncontested Individual Review Option Claims as more fully described on the attached Schedule.

Respectfully submitted,

DATED: December 31, 2018

By: _____
John Jenkins
Smith Cochran Hicks PLLC
3510 MacCorkle Avenue SE
Charleston, WV 25304
**304.345.1151**
SETTLEMENT ADMINISTRATOR

and

/s/ Anthony J. Majestro
Anthony J. Majestro (W.Va. Bar No. 5165)
POWELL & MAJESTRO, PLLC
405 Capitol Street, Suite P-1200
Charleston, West Virginia 25301
Telephone: (304) 346-2889
Facsimile: (304) 346-2895 (facsimile)
amajestro@powellmajestro.com

Van Bunch, Esquire (W.Va. Bar No. 10608)
BONNETT FAIRBOURN FRIEDMAN & BALINT PC
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Facsimile: (602) 274-1199
vbunch@bffb.com

Kent Mayo (admitted Pro Hac Vice)
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 639-1122
Kent.mayo@bakerbotts.com

Deborah Greenspan (admitted Pro Hac Vice)
BLANK ROME LLP
1825 Eye Street NW
Washington, DC 20006
Phone: (202) 420-2200
Fax: (202) 420-2201
Email: dgreenspan@blankrome.com

On Behalf of the Settling Parties

# Exhibit 1
# Individual Review Option Claims included in Distribution Request
# December 31, 2018

| Claim Type | # claims | Value |
|---|---|---|
| Residential Individual Review | 7 | $6,900.80 |
| Business Individual Review | 1 | $1,000,000.00 |
| Wage Earner Individual Review | 362 | $147,250.76 |
| Pregnancy Individual Review | 1,154 | $1,731,000.00 |
| Subtotal | 1,524 | $2,885,151.56 |

| Administrative Fees | | |
|---|---|---|
| Aggregate Recovery Amount due to Medicare | | $135.00 # |
| Settlement Administration | | $236,240.00 Per Below |
| Total Amount Requested for Distribution | | $3,121,526.56 |

\# CMS verification of enrollment has provided that nine of the Pregnancy Individual Review Claimants had Medicare Part A and/or Part B entitlements during the exposure period. CMS has determined that the recovery amount for these claims total $135. This recovery amount must be paid to Medicare before CMS will release these nine claims.

| Claim Type | # claims | Per claim rate | Amount |
|---|---|---|---|
| Residential Individual Review | 7 | $155.00 | $1,085.00 |
| Business Individual Review | 1 | $175.00 | $175.00 |
| Wage Earner Individual Review | 362 | $155.00 | $56,110.00 |
| Pregnancy Individual Review | 1,154 | $155.00 | $178,870.00 |
| | 1,524 | | $236,240.00 |

Per claim rates per SCH Term Sheet previously provided.