UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| CRYSTAL GOOD, et al.,<br><br>        Plaintiffs<br><br>v.<br><br>WEST VIRGINIA-AMERICAN WATER COMPANY,<br>et al.,<br><br>        Defendants. | Civil Action No. 2:14-CV-01374<br>Hon. John T. Copenhaver, Jr.<br><br>Consolidated with:<br>Civil Action No. 2:14-CV-13164<br>Civil Action No. 2:14-CV-11011<br>Civil Action No. 2:14-CV-13454<br><br>CLASS ACTION |

**APPLICATION FOR APPROVAL TO PAY INDIVIDUAL REVIEW OPTION CLAIMS AND SETTLEMENT ADMINISTRATION COSTS**

The parties and Court-appointed Settlement Administrator, Smith Cochran Hicks PLLC ("SCH"), respectfully apply to the Court to approve the distribution of payment for seventy-three (73) final and approved individual review option claims and settlement administration costs.

    1.    The approved Individual Review Option Claims in the amount of $268,607.61 are detailed in the attached Schedule included as Exhibit 1, pursuant to Section 6.2.2.2 of the Amended Class Action Settlement Agreement ("ASA") (Doc. 1163-1) approved by this Court's Order Granting Final Approval of the Good Class Settlement and Entering Judgment (Doc. 1212).

Section 6.2.2.2 of the ASA provides as follows:

> If after distribution of the Simple Claim Form Payments and issuance of the checks through the Check Distribution Process, and after accounting for payments for associated Administrative Expenses and Attorneys' Fees and Litigation Expenses, and after full evaluation of the Individual Review Option claims, the Settlement Administrator determines that there are sufficient remaining assets to pay uncontested Individual

>Review Option claims pending final review of contested Individual Review Option claims so that the payment of both uncontested and contested Individual Review Option claims is assured, the Settlement Administrator may seek permission from the Court to distribute payment for the approved uncontested Individual Review Option claims before completing the full evaluation of contested Individual Review Option claims. The Settlement Administrator may seek such permission by filing an application to distribute after providing reasonable notice to the Parties that includes the date on which the Settlement Administrator plans to file such application.  The Parties shall have the right to submit responses to such application by the Settlement Administrator on the date the Settlement Administrator files the application.  The Court may authorize or deny such distribution based on the evidence provided by the Settlement Administrator and taking into account the responses provided by the Parties.

SCH keeps the parties and the Court aware on a regular basis of the status of its efforts to administer the settlement in this action. The parties are aware that SCH is making this application on this date and join in the request for Court approval of the distribution outlined on the attached Schedule.

      2.      This application for payment includes seventy-three (73) Individual Review Option Medical Claims. All Individual Review Option Medical claimants were submitted to The Centers for Medicare and Medicaid Services ("CMS") for Verification of Enrollment ("VOE"). The CMS VOE results indicated that seventy-one (71) of the Individual Review Option Medical claimants included in this application matched enrollment records in CMS systems. These seventy-one (71) CMS enrollment matches have been resolved as follows:

    a) Forty-one (41) were Individual Review Contemporaneous Medical claimants with Medicare entitlements during the exposure period.  These settlements have been resolved with CMS under a global repayment agreement.  CMS has agreed to resolve these for $60 per claim.  The total recovery for these claims is $2,460[1]. The parties and SCH request that this amount be paid from the Contingent Fund and not deducted from the claimants' settlement amount.

---

[1] CMS will not accept this global recovery payment until all claims are finalized including appeal, however the terms of the recovery agreement provide for the claimants to receive their settlement payment now.

2

b) Twenty-six (26) were Individual Review Contemporaneous Medical claimants whose CMS enrollment match was not within the exposure period. There is no CMS reimbursement obligation for these claimants.

c) Four (4) were Individual Review Contemporaneous Medical claimants with Medicare Part C entitlements. All four (4) of these claimants were resolved with no recovery amounts due.

3. The West Virginia Department of Health and Human Resources, Bureau for Medical Services ("BMS") in a written communication, dated October 30, 2018, represented that it has no legal right to, and will not pursue, a Medicaid subrogation lien with respect to any of the Individual Review Option Medical and Pregnancy Claims where the settlement amount for the claim is below the applicable threshold of $20,000 for instituting recovery actions. All Individual Review Option Medical claimants with claim amounts above the $20,000 threshold were submitted to BMS for verification of enrollment. The BMS enrollment verification results indicated that two (2) of the claimants included in this application had Medicaid enrollment. BMS has reviewed the two (2) claimants and determined that the recovery amount is $1,036.39[2]. Accordingly, all potential lien obligations with respect to Medicare as administered by CMS and with respect to Medicaid as administered by BMS have been resolved for the Individual Review Option Medical claimants in this application.[3]

4. This application for payment includes two invoices from JND Mass Tort and Lien Resolution totaling $16,000. Under Exhibit 3 to the ASA, the Distribution Protocols (Doc. 1163-1, p. 93 of 231) at Section X, the Settlement Administrator is required to resolve (through

---

[2] This recovery amount is included in the Individual Review total amount noted in Section 1 and Exhibit 1 and will need to be paid before BMS will release the claims.
[3] The release of any applicable liens will also allow for the payment of any previously approved Simple Claims filed by claimants included in this application.

payment or negotiated resolution) any applicable liens as provided at Section 6.5 of the ASA. This process was coordinated with the services of JND Mass Tort and Lien Resolution. The amounts billed are for the Comprehensive Global Resolution of liens related to Individual Review Contemporaneous Medical Claims ($14,500) and an individual basis for Individual Review Contemporaneous Medical Claims with Medicare Part C entitlements ($1,500), in accordance with the fees authorized by the Court's order dated March 5, 2019 (Doc. 1256).

5. The Settlement Administration fees for the Individual Review Option claims included in this application total $21,900. The parties have reviewed this amount and conclude that the amount requested is in accordance with the fee schedule outlined in the Renewed Joint Motion for Preliminary Approval and the engagement document provided to the Court on July 5, 2018. The parties request the Court's approval to pay these fees from the Contingent Fund as specified in the ASA.

6. The Individual Review Option claims, including recovery amounts, and administration costs included in this application do not exceed the Contingent Fund Balance on hand. As such, no additional funding contribution is needed to make this distribution.

For the foregoing reasons, the parties and SCH apply to the Court for its approval under Section 6.2.2.2 of the ASA and Section XI of the Distribution Protocols to distribute funds by check for the uncontested Individual Review Option Claims and settlement administration fees as more fully described on the attached Schedule.

Respectfully submitted,

DATED: November 22, 2019

By:

4

_____
John Jenkins
Smith Cochran Hicks PLLC
3510 MacCorkle Avenue SE
Charleston, WV 25304
**304.345.1151**
SETTLEMENT ADMINISTRATOR

and

/s/ Van Bunch

Van Bunch, Esquire (W.Va. Bar No. 10608)
BONNETT FAIRBOURN FRIEDMAN & BALINT PC
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Facsimile: (602) 274-1199
vbunch@bffb.com

Anthony J. Majestro (W.Va. Bar No. 5165)
POWELL & MAJESTRO, PLLC
405 Capitol Street, Suite P-1200
Charleston, West Virginia 25301
Telephone: (304) 346-2889
Facsimile: (304) 346-2895 (facsimile)
amajestro@powellmajestro.com

Kent Mayo (admitted Pro Hac Vice)
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 639-1122
Kent.mayo@bakerbotts.com

Deborah Greenspan (admitted Pro Hac Vice)
BLANK ROME LLP
1825 Eye Street NW
Washington, DC 20006
Phone: (202) 420-2200
Fax: (202) 420-2201
Email: dgreenspan@blankrome.com

On Behalf of the Settling Parties

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| CRYSTAL GOOD, *et al.*, <br><br> Plaintiffs <br> v. <br><br> WEST VIRGINIA-AMERICAN WATER COMPANY, <br> *et al.,* <br><br> Defendants. | Civil Action No. 2:14-CV-01374 <br> Hon. John T. Copenhaver, Jr. <br><br> Consolidated with: <br> Civil Action No. 2:14-CV-13164 <br> Civil Action No. 2:14-CV-11011 <br> Civil Action No. 2:14-CV-13454 |

## **CERTIFICATE OF SERVICE**

The undersigned counsel for Plaintiffs hereby certifies that on November 22, 2019, the foregoing "**APPLICATION FOR APPROVAL TO PAY INDIVIDUAL REVIEW OPTION CLAIMS AND SETTLEMENT ADMINISTRATION COSTS**" was served on all counsel of record through the CM/ECF system which will send notification of the filing to all counsel of record.

**Bonnett Fairbourn Friedman & Balint PC**

/s/ *Van Bunch*
Van Bunch (WVSB# 10608)
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Phone: (602) 274-1100
Fax: (602) 274-1199
vbunch@bffb.com

6