IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
At  CHARLESTON



ROBERT PEREZ,

    Plaintiff,

V.                                                                                              Civil Action No. 2:16-1606

WEST VIRGINIA –AMERICAN WATER COMPANY,
AMERICAN WATER COMPANY , and EASTMAN
CHEMICAL COMPANY ,

    Defendants ,

                                                                CONSOLIDATED WITH
                                                               Civil Action No . 2:14-1374

GOOD et al,

    Plaintiffs ,

v.

AMERICAN WATER WORKS COMPANY ,INC. et al,

    Defendants .


       Pro Se'       BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION and Motion
To set Aside the Dismisal, and Restore Complaint To its original position. and Motion For Summary Judgement.
This Motion shall be based upon this Notice ,The Attached Memorandum and all pleadings On file in plaintiffs case ,and Filings with the settlement administrator of record , including this adversary proceeding in opposition to the complaint of Civil Action No.2:16-1606 being  dismissed.To REVIEW the Courts Dismissal that was clearly erroneous based upon the defective Document from John Jenkins . and contrary to law .This is a Timely objection to ruling and therefore in accordance with law ,review is required.

       The Court received an email from Smith ,Cochran and Hicks , the Settlement Administrator . However the instant document failed to properly advise this Honorable Court that ,Civil Action No. 2:16-1606  Although consolidated presented  unresolved issues as The issues presented in the original Complaint are and remain outside of the class action settlement parameters. As the date of

the losses , damages and inconveniences ,Do not fall within the intent of the Scope of the class action Settlement for Relief.  The Document Did Not Clarify that The Settlement Administrator Could Not provide Relief for  Suffered losses claimed In regards to claim no 2:16-1606.As The Settlement Terms and or any claims based upon or in relation to It(s) Consolidation, As at The Time of Consolidation his Complaint, and issues Presented were beyond The class Action's Scope. Could Consolidation of Perez(s) original complaint to the class Provide No Remedy.That can even be liberally considered for the eliments of that unresolved matter that was pending prior to the Courts instant order dated April,7th 2020 to Dismiss and close the case. And Due to Error, That Existed, was obstructed as a Consolidated Party. and obstructed Participation for Relief.

Robert Perez filed a MOTION FOR RECONSIDERATION and Motion To Alter or Amend  Consistant with Rule 59 (e), and under FCRP 59(e) in a Simple Showing of sufficient facts and evidence Relied Upon To Support the Grounds that a Miscarrage of Justice will result if claim No .2;16-1606 is not reinstated to original position , and claims that dismissal was manifestly unjust ,as extreme prejudice existed  after consolidation of his case no. 2:16-1606  with case no. 2:14-1374. That obstructed Justice.

In Brief

By order entered July 31,2017 The above Styled Perez case was Consolidated with the above styled Good case . As prescribed in that order , Upon consolidation , Plaintiff may participate in the Pending class action Settlement   AS IT WAS PENDING " Ephasis Added….However  When Robert Perez Became a Party to the Good Action . The Court failed To Copy Perez and his Notices were sent to an Attorney in the class action that did not represent Robert Perez .  Robert Perez was prejudiced as a party to the complaint by not being able to attend Hearings or voicing concerns of unresolved matters ,pertaining to the settlement terms and therefore was further prevented by the court in even objecting to the terms of the settlement as a prejudiced PARTY   in the matter.He was even moreso prejudiced because he Represented Himself.and was not even Permitted by COURT STAFF TO ATTEND HEARINGS DUE TO OVERCROWDING AT THE COURT HOUSE. And YET HE WAS DEAMED A CONSOLIDATED PARTY….;
That was Prevented by the court from taking part in proceedings that he should have been LEGALY ENTITLED TO ATTEND….. BECAUSE HIS NOTICES Where SENT TO others in error and even the court staff errored by stating that  His attorney was present at the hearing for him , Robert Perez was Representing himself , but barred from taking place in proceedings as a result.A party to the Complaint that would never get the chance to have his consolidated case and losses included within the scope of the class action settlement . " Therefore a mistrial of case No. 2:14-1374 was MANIFESTED… "As Evident ….

Then it wasn't until attorney Baily Advised Perez  of the courts Noticing errors and that  he only had a few days to submit a claim to the settlement administrator .Robert Perez Having been prejudiced ,instead of proclaiming a mistrial , advised the settlement administrator of the errors , and iniated claims  knowing that the settlement administrator could not even liberally consider any relief for the Eliments of his case 2;16-1606 or remedy any portion of that consolidated case due to perez having been prejudiced after consolidation as  stated above….
He asked the Settlement Administrator to Respectfully Keep his claim in tact  ,For reference  and gave authority for the settlement administrator to Change his claim that fell outside of the settlement Scope

to a simple individual review ,so that he can demonstrate to this honorable court that no relief was available in the class action in regards to his civil action 2:16-1606.

" Outside of The Scope of The Class(s) Claim.

Perez Filed a pro se Claim originally with the U.S> District Court because the water lines were not properly maintained by the water company and only patched not replaced lines were further damaged in improper flushings due to the Eastmans chemical leak ,the chemical, the exposure ,the harmful effects ,etc. That carried out On the date of perez(s ) Claim , losses .Date. that resulted in no water ,and no water availability to extinguish his house fire , if not for the chemical contamination leakage from Eastman into the water ,the contamination exposure ,and if not for the water companies failure to properly maintain water lines that had a history of being patched instead of replaced , failing to to replace instead of patch ,that were defective and had a history of being defective , the fire department or even just myself would have had water to save my home and personal property ,as I should not have suffered damages or losses to the extent that I did due to Eastman and the water company as outlined above.   If Eastman Wanted to resolve my issues of my complaint they and the water company would have done so within the scope of their position in the class Action . They Failed , So the Unresolved Issues Should be litigated .and with this being said instead of Dismissal   A Summary Judgement should Be rendered in this case and Relief provided To Robert Perez.  Instead of an Instant Dismissal of the Action .Robert Perez is entitled to this Consideration and Motions for Review ,Reversal ,and Summary Judgement Entitled as His Complaint of knowledge To both The water Company and Eastman Remained Unresolved ,because they wanted Perez To Remain Aggrieved. Knowing that the Class Action Provided no Remedy For Relief in regards to to Substance Matter of The Perez Complaint That

" It Should be noted That He Feels He was Further Intentionally Prejudiced because He Has an A.DA Disability,"

and Ousted From Participation class actions Scope. Mr perez's claim could have been remedied in the class action , if not for his not being prejudiced by the Court as a Party after consolidation .As he was prevented in having any say so in the matter and prevented from hearings ,etc. Therefore No Remedy Could even be liberally considered by The Class in respect to Perez Claims and He Remained Prejudiced.

" and Ousted . " Emphasis Added As A Prejudiced Party.

Therefore with this being said and demonstrated Robert Perez Was not even liberally Considered as a Party To the Class Action , Even after Consolidation .As he was prejudiced by the court from taking part in proceedings and this CONSTITUTES A MISTRIAL .Of the class action Settlement Itself . However Perez did not want to raise this issue and only desires to point out the Injustices for Reconsideration Purposes to have his original complaint restored as proper.

I

It should be noted that the claim Administration of the class action did Separate perez(s) out of scope claims and changed them to the standard individual claim and Medical Claim

Therefore He was never Compensated for damages Voiced in his original complaint ,2:16-1606

That he should be able to pursue. As even The settlement Class Counsel has even submitted or initiated other class actions against the water company . As proper. Theefore Robert Perez Motions for a final opinion in the matter in review. As he remains aggrieved.And prays for a resolution in the matter being finalized. Thank you For your Reconsideration.

Respectfully Submitted by   In Pro Se'by   Robert M. Perez

P.O BOX 172

ASHLAND KY 41105

304-514-0901

Service To: Jill McIntyre Jackson Kelly PLLC 500 Lee St. E Ste 600 Chas. WV 25301
Robert L Massie P.O. Box 1856 Huntington WV 25719-1856

To the Defendants By regular U,.S . Mail postage prepaid.on 5-16-2020 Counsel For Eastman
Robert Massie
Nelson Mullins Riley Scarborough
949 3rd Ave Ste 200
Huntington WV 25301

Robert Perez

Reference: Mr. Darden Green
Settlement Administrators office

Note: Robert Perez not only prays for Himself to have his claim Reviewed but for others Similarly Situated, that are Like Aggrieved "Due to Same" as His complaint is capable of becoming a Seperate Class Complaint. Against the Defendants and others also Liable once Amended by counsel as Appropriate and as of Consequence to All Defendants.